### JONES *v.* DRONBERGER.

Suit by the assignee of an account. No copy of the account, or of the assignment thereof, was filed with the complaint.

*Held*, that the complaint was defective, for not being accompanied by a copy of the account and of the assignment thereof; or if the assignment was by parol, for not containing an averment to that effect.

Nov. Term,
1860.
───────
JONES
v.
DRONBERGER.

Thursday,
January 24.

*Quære.* Whether the assignor of an account is a necessary party defendant, and whether he can be a witness at all, to prove the account, or disprove a set-off.

APPEAL from the *Shelby* Common Pleas.

HANNA, J.—*Dronberger* averred in his complaint that *Jones* was indebted to one *Moreau*, in account, in the sum of $100; which account had been on, &c., by said *Moreau*, presented to said *Jones*, the items examined, and the same pronounced correct, and that he then promised to pay the same; that a copy is filed, &c., and that afterward, &c., said *Moreau* sold and transferred the same to said plaintiff, &c.

Neither a copy of the account, nor of the assignment thereof, appears to have been filed with the complaint.

A demurrer was filed by *Jones*, but, without any disposition having been made of the same, an answer was filed, by him, in three paragraphs. 1. In denial. 2. That said *Moreau* was not on, &c., the sole owner of said claim; but that the same, if any thing was due, was due to said *Moreau* and one *Davis;* because they were partners when, &c. 3. Payment to said *Moreau*.

There was a demurrer to the second paragraph of the answer, of which no disposition appears in the record. The plaintiff replied, in denial. *Moreau*, who was joined as a defendant, answered that he had no interest in the suit, &c. Trial, verdict and judgment for plaintiff, over a motion for a new trial.

The evidence is in the record. That of the plaintiff consisted of the testimony of *Moreau*, who was admitted, over the objection of *Jones*, to testify to the services rendered, the agreement of *Jones*, as to the amount, and his promise to pay, &c.; that *Davis* had no interest, the partnership having been dissolved before the services were rendered, and that *Jones* had not paid any thing on the account transferred, the payments made being applicable on other transactions.

That *Moreau* was not a competent witness, upon all the issues formed, has been heretofore decided—*Swift* v. *Elsworth*, 10 Ind. 205—even if he had been the assignor of a promissory note.

Nov. Term,
1860.

Whether the assignor of an account is a necessary party defendant; and whether he can be a witness at all, to prove the account, or to disprove a set-off or payment, are questions, the decision of which, under our statutes, requires more investigation than has been bestowed upon this case.

The complaint was defective, not being accompanied by a copy of the account nor of the assignment, if in writing, or for not containing an averment to that effect, if it was not.

*Per Curiam.*—The judgment is reversed, with costs.

*J. Harrison* and *S. Thrasher*, for appellant.

