May Term,
1860.

BARCUS
v.
EVANS.

———————

## BARCUS and Another *v.* EVANS.

In a suit upon a note by an assignee, he should aver in his complaint the mode in which the assignment in the given case was executed; because, if it was by delivery, he must make the assignor a party; but if it was by indorsement, he need not.

APPEAL from the *Allen* Court of Common Pleas.

PERKINS, J.—Suit upon notes and a mortgage. The suit is by an assignee. He alleges in his complaint that the payees "assigned and delivered the notes," &c., to the plaintiff. The notes and mortgage were set out by copy, but no assignment of them. The assignors were not made parties. For this cause, specially assigned, the complaint was demurred to; but the demurrer was overruled, and exception taken. There was a personal judgment on the notes for any deficiency on the mortgage sale.

Two modes of assigning notes are authorized by our code; one by delivery, and the other by "indorsement on the back thereof."

In a suit upon a note by an assignee, he should aver in his complaint the mode in which the assignment in the given case was executed; because, if it was by delivery, he must make the assignor a party; but if it was by indorsement, he need not.

In this case, the assignment is averred to have been by delivery; and, as the assignors were not made parties,

Thursday,
June 7.

*May Term,
1860.*

there was a defect of parties which could be reached by demurrer.

It has been uniformly held that it was necessary, to show a legal assignment of an instrument under the statute, to aver that it was made by indorsement. Ind. Dig., 211. In the absence of this averment, the assignment was taken to be an equitable one.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. M. Ninde* and *H. W. Puckett,* for the appellants.