May Term,
1861.

ELDER
v.
SMITH.

*Per Curiam.*—The judgment is affirmed, with costs.

*James Gavin* and *Oscar B. Hord*, for the appellant.

*J. S. Scobey*, for the appellee.

---

## COOL *v.* THE STATE.

Monday,
June 17.

*Jno. S. Miller*, for the State.

---

## ELDER *v.* SMITH.

Suit by an assignee upon a promissory note. The complaint averred that the defendant executed the note to the payee, who indorsed it to the plaintiff. Answer: That the indorsement of the note was without consideration, and for the purpose of avoiding answers to interrogatories, and that the plaintiff had no interest in the note.

*Held*, that the legal conclusion from the averments of the complaint, was that the legal ownership of the note was in the plaintiff, and it was not enough for the defendant to controvert this legal conclusion, without specially controverting the facts upon which it rested, or showing other facts inconsistent therewith; as that the real interest remained in the payee, or had passed from the plaintiff to a third person.

Monday,
June 17.

APPEAL from the *Henry* Common Pleas.

HANNA, J.—*Smith*, assignee of *Smith*, sued *Elder* on two promissory notes. Answer: 1. Payment. 2. Set-off. 3. That

the indorsement by the payee to the plaintiff was without consideration, and for the purpose of avoiding answers to interrogatories—the payee's residence and location being uncertain and difficult to find, so as to take his deposition—and that plaintiff has no interest in said notes. Demurrer to the said third paragraph sustained. We are of opinion that there was no error in this ruling.

It is often exceedingly difficult, in view of the many shades of decision upon the question, to determine whether an answer sufficiently controverts the ownership of a note by the plaintiff, or tenders an issue as to the fact of whether he is the real party in interest. See, upon these points, Vansant. Pl., pp. 109, 421, and 478, and cases in the *New York* Courts therein cited. In the case at bar, three propositions are included in said third paragraph, namely: 1. The assignment was without consideration. 2. It was made to avoid answering interrogatories, and in the attempt to elude giving testimony. 3. The plaintiff had no interest in the note.

The complaint does not, by special averments, allege the ownership of the note to be in the plaintiff, but simply avers that the defendant executed the note to the payee, who indorsed it to the plaintiff, and that it remains unpaid. The conclusion of law from the facts thus averred in the complaint, would be that the title to the note, the legal ownership thereof, was in the plaintiff. To present an issue, it is not enough merely to deny this legal conclusion, but the facts upon which it rests must be controverted, or others, inconsistent therewith, affirmatively shown.

A man might make a gift of a promissory note, we suppose; therefore, the averment that the indorsement was without consideration was not, of itself, sufficient.

The general allegation that the plaintiff had no real interest, can not, alone, be taken to controvert the conclusion of law arising from the statements of the plaintiff. Nor are these two propositions, the first and third contained in the answer, when viewed in connection, a valid presentation of an issue upon the question of real interest; for the reason that it is shown that the interest passed, by the assignment, from the payee to the assignee. But even if it should be admitted that,

by the subsequent averment in the answer, it was sufficiently shown that it no longer remained in the said assignee, there is nothing, so far, showing in whom such interest then vested, and therefore the pleading would, upon that point, be fatally defective.

The second proposition of the answer is stated by way of giving a reason for the indorsement without consideration; and certainly, if we should conclude that by such statements, when taken together, the real interest is still in the payee, we can only arrive at that determination by inference drawn from these statements, and that such fact is argumentatively affirmed in the answer.

We can not so infer, and conclude. It may be true, that the indorsement was made without consideration, for the purpose indicated, and that, at the time of pleading, the plaintiff had no real interest; and yet the pleading would be bad, because it does not show, either by positive averment, or by the statement of such facts as would show, in whom that interest at the time vested: whether it had passed from the assignee, or still remained in the payee, notwithstanding the legal conclusion from the facts contained in the complaint. We are pointed to the case of *Swift* v. *Ellsworth*, 10 Ind. 208. That case is distinguishable from the case at bar, in this: that it was there directly averred that the real interest remained in the payee, and the facts and circumstances were affirmatively shown.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages, and costs.

*W. Grose*, for the appellant.

*J. H. Mellett* and *E. B. Martindale*, for the appellee.