Treadway v. Cobb.

APPEAL from the *Ripley* Common Pleas.

*H. W. Harrington*, for the appellant.

------- ◆◆ -------

TREADWAY *v.* COBB.

*Connard* v. *Christie*, 16 Ind. 427, and *Jones* v. *Bronberger*, 15 Ind. 443, overruled.

In an action on a note by the assignee against the maker, it is not necessary to make the assignment of the note a part of the complaint, because the assignment constitutes no part of the cause of action.

The manner of transfer does not go to the cause of action, but merely to determine whether the assignor is a necessary party defendant, and should therefore be averred.

Where the endorsement constitutes the contract sued upon, it must be set out by original or copy, as in an action by an endorsee against an endorser.

APPEAL from the *Bartholomew* Common Pleas.

Treadway *v.* Cobb.

PERKINS, J.—*Cobb* sued *Treadway* upon a promissory note executed by *Treadway*, as maker, to *Joseph I. Irwin*, as payee. The complaint avers that the note was assigned by *Irwin* to *Cobb* by indorsement on the back thereof. It also states that a copy of the note is filed with the complaint. It does not state that a copy of the assignment was filed. A copy of the note appears appended to the complaint. No copy of the assignment appears. The assignor is not made a party.

A demurrer was filed to the complaint, assigning two causes, viz : that the complaint did not state sufficient facts; and that it was defective as to parties defendant in the omission of the assignor. The demurrer was overruled. If the manner of alleging the assignment of the note was correct, that is, if it was sufficient without averring that a copy of the assignment was filed, and without filing a copy, the complaint was not subject to either ground of demurrer, and the ruling of the court was correct.

The 78th section of the code of practice enacts that, "when any pleading is founded on a written instrument, or on an account, the original, or a copy thereof, must be filed with the pleading."

The object of the pleading in a suit is to set forth the cause or causes of action, and the ground or grounds of defence. The pleadings may be said to be founded on the causes of action and grounds of defence; so that it may be safely asserted that when a pleading is legitimately founded on a written instrument, it is founded on a cause of action or grounds of defence; and it is in such cases only that copies are required. To determine, then, whether, in the case at bar, a copy of the assignment was necessarily to be given, we must ascertain whether that assignment was a part of the cause of action on which the complaint was founded. It is clear that it was not, because the plaintiff could have maintained a suit upon the note in his own name just as well without the writ-

ten assignment as with it. An equitable assignment was all that was necessary for that. The manner of assignment did not go to the cause of action, but to the simple question of making the assignor a nominal defendant. And in order to enable the court to determine this question, it was necessary in this, and is necessary in all like cases, to aver the manner of assignment. *Barcus* v. *Evans,* 14 Ind. 381; *Stowe* v. *Weir,* 15 Id. 341. To the assignment, the maker of the note is no party, and the mere manner of making it, neither increases nor diminishes his liability to pay the note. We are confirmed in the view we have taken by the statutory form prescribed for a complaint in such cases. It is this; (2 R. S. p. 342); and is declared by the Legislature to be sufficient: "*A B* complains of *C D,* and says that the defendant on the —— day of ——, by his note, a copy of which is filed herewith, promised to pay *E F* —— dollars, who indorsed the note to the plaintiff, which remains unpaid, and the plaintiff demands judgment for —— dollars." The averment that the payee indorsed the note is equivalent to the averment that he assigned by indorsement on the back,' &c.

Where the indorsement constitutes the contract sued upon, it must be set out by original or copy. For example, where the suit is by an indorsee against an indorser of any paper, or is by the holder against an indorser, or indorser and maker of commmercial paper, a copy of the indorsement must be given. See form, 2 R. S. p. 343. The case of *Connard* v. *Christie,* 16th Ind. 427, was wrongly decided, as was also the case of *Jones* v. *Bronberger,* 15 Ind. 443. The demurrer was rightly overruled.

The defendant answered in two paragraphs, in each of which he denied that the plaintiff had any beneficial interest in the note, but answered that that interest was all in *Irwin,* the assignor. He set the facts out specially; showing that the assignment was without consideration, and made simply

Treadway *v.* Cobb.

for the purpose of enabling *Irwin* to be a witness to support the note, and upon the arrangement that the money, when collected, was to be *Irwin's,* &c. See *Elder* v. *Smith,* 16 Ind. 466. The allegation that the assignment was without consideration, was not, of itself, sufficient to show that the plaintiff was not the beneficial owner, because a man may transfer the legal and beneficial ownership in property by way of gift. But the further allegations in the several paragraphs show that the assignment was not intended to convey a gift. The transfer was upon a parol promise to pay the money all over to the assignor, and was made for a special purpose, other than that of defrauding creditors, it is true, but not for transferring the beneficial interest in the note. The answers, if true in point of fact, were a bar to the suit, and the demurrer to them should have been overruled. It should be further remarked in explanation that we do not mean to disregard the general rule of law that parol evidence can not be given to vary the effect of a written contract. This case does not conflict with that rule, but falls within established exceptions, namely, where fraud, mistake, accident, &c., exist. Here, there was an attempted fraud upon the law. The defendant in the case was no party to that fraud, and should not be made to suffer from it. And, further, the rule excluding parol evidence in such cases does not apply where the question is raised, as in this case, by a third party. *Frederick* v. *Devol,* 15 Ind. 357; *Durgin* v. *Ireland,* 4 Kernan, 322.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings.

*F. T. Hord* and *N. T. Hauser,* for the appellants.

*S. Stansifer,* for the appellees.