GEORGE B. ROUSCH, Respondent, v. JOHN DUFF et al., Appellants.

1. *Bills of Exchange—Acceptance.*—The drawee of a bill of exchange is not liable upon his verbal acceptance, or promise to pay the bill. If he retain the bill after presentment for acceptance, and refuse within twenty-four hours after delivery, or such time as the holder may allow, to return the bill, he may be charged as acceptor. (R. C. 1855, p. 293, § 1, 6.)

2. *Practice—Pleading.*—The petition against the drawee of a bill of exchange as acceptor, must state a legal acceptance of the bill within the terms of the statute. The petition alleged presentment of the bill to the acceptor, who promised to pay the bill and retained it in his possession. No demand for return of the bill accepted or unaccepted was alleged. *Held*, that no cause of action was shown. Dryden, Judge, dissenting.

*Appeal from Hannibal Court of Common Pleas.*

*James Carr & A. W. Lamb*, for appellants.

The petition in this case shows no cause of action, and the motion in arrest of judgment should have been sustained. In the first place it must be remembered, that the written order named in the petition (as far as the petition shows) possessed none, or rather few, of the legal attributes of a bill of exchange, and therefore will not be treated with the respect due to that highly favored commercial paper. The petition avers a presentment of the order for acceptance, but nowhere avers that appellants ever accepted the same; then there is no cause of action claimed upon the ground of an acceptance. The cause of action is claimed to exist from the facts that " appellants took the said order into their posses-

sion and promised to pay the respondent on the 3d day of January, 1859, the sum of $297," the amount called for in the order. In what consists a cause of action in those averments? There is no acceptance, though presented for that purpose, as averred; but a taking into possession and a promise to pay a simple order of a third party, without any consideration to support the promise being averred. Neither is the taking nor the retention of the order charged to have been done without the consent of plaintiff; in other words, no wrong or conversion is imputed to appellants. There the cause rests upon the promise to pay. The promise to pay, as averred in the petition, is a mere naked promise to pay the debt of a third party, without consideration or writing to support it, and is therefore void. (R. C. 1855, p. 807, § 5; 4 Barb., N. Y., 131 and authorities there cited; 6 Black. 367; Brown on Fraud, 170–1–6, and notes late edition; Carville v. Crane, 5 Hill, N. Y., 483; Gallaher v. Brunell, 6 Cow. 346; Taylor v. Drake, 4 Strob., S. C., 431; 18 Mo. 272.)

The order was presented for acceptance by plaintiff's agent; an acceptance was not made, but in lieu thereof, for reasons not stated in the petition, the order was left with appellants, they promising to pay the same at a future day. It is submitted that this promise cannot be relied upon as an acceptance, but, like all other verbal promises, it must stand or fall upon its own legal merits. Respondent had the undoubted right to demand an acceptance or a refusal, but he waived this right and changed the entire legal relations between the parties.

*W. P. Harrison,* for respondent.

BATES, Judge, delivered the opinion of the court.

Plaintiff states that on the 10th day of December, 1859, the defendants (John Duff and William Osborne) were copartners under the name and style of John Duff & Co. Plaintiff states that on the 10th day of December, 1858, one John McGuire and A. Swartward drew their certain order

in writing and directed the same to the defendants, at Hannibal ; and the said order requested said defendants to pay to the plaintiff on the 3d day of January, 1859, the sum of $297 ; that on said day the said McGuire and Swartward delivered said order to plaintiff, and that plaintiff on said 10th day of December, 1858, presented the same to defendants for their acceptance ; that the defendants on said 10th day of December, 1858, took the said order into their possession and promised on said day to pay to plaintiff on the 3d day of January, 1859, the said sum of two hundred and ninety-seven dollars.  Plaintiff states that said defendant took into their possession the said order on said 10th day of December, 1858, and have ever since retained and now do retain the same ; yet the plaintiff says that said defendants did not pay him said sum of two hundred and ninety-seven dollars, or any part thereof, on the 3d day of January, 1859, or on any other day, but the same to do have wholly neglected and refused, and still do neglect and refuse, to the damage of the plaintiff, three hundred and fifty dollars.  Plaintiff asks judgment against defendants for two hundred and ninety-seven dollars, with interest from January 3d, 1859."

At the trial, the evidence established a case substantially as stated in the petition, and judgment was given for the plaintiff.

The court by its instructions, and subsequently by over-ruling a motion in arrest of judgment, decided that the facts stated in the petition constituted a cause of action.

1. There was no cause of action against the defendants as acceptors of a bill of exchange.  The first section of the statute concerning bills of exchange requires that the acceptance shall be in writing, which was not the case here. The petition not only fails to charge that the acceptance was in writing, but its statements exclude the idea that the acceptance was in writing.  The 6th section provides that " every person upon whom a bill of exchange may be drawn, and to whom the same shall be delivered for acceptance, who shall destroy such bill, or refuse within twenty-four hours

after such delivery, or within such period as the holder may allow, to return the bill accepted or non-accepted to the holder, shall be deemed to have accepted the same."

That section does not include this case, because here there was no destruction of the bill or refusal to return it. They are not liable as acceptors.

2. Nor does the petition show any other contract upon which the defendants are liable. It states a promise to pay the plaintiff a specified sum at a certain time, but does not show any consideration for that promise. The statute requiring acceptances to be in writing, seems to have been intended expressly to prevent controversies of this character. The law provides the means by which the holders of bills may fully protect themselves in all their rights, and if they choose to adopt different means they do so at their own risk.

Judgment reversed and cause remanded. Judge Bay concurs.

DRYDEN, Judge. I think the acceptance of the bill is substantially alleged in the averment, that the defendants on presentment for acceptance " promised on said day to pay to plaintiff on the 3d day of January, 1859, the said sum of $297, and that the petition is therefore sufficient. The acceptance of a bill is but the promise of the drawee to pay the sum requested to the payee. All this is alleged of the defendants in this case ; it matters not that the pleader departed from the phraseology usually employed in averring acceptance. In declaring on an acceptance it is not necessary under our Practice Act, any more than it was at common law, to aver that the acceptance was in writing, or the existence of the circumstances which imply an acceptance (R. C. 1855, p. 1618, form No. 5), and, therefore, the omission to show that the promise of the defendants was in writing is no ground of objection to the petition in this case. Whether on the trial proof of a verbal promise would be sufficient, or what evidence would be required to support the allegation, is not the question. The question is one of pleading and not of evidence.

I am of opinion that the petition is legally sufficient to sustain the judgment.