## HOLMAN *v.* LANGTREE.

PROMISSORY NOTE.—*Allegation of Assignment.*—Where a complaint on a promissory note, payable to one not a party, fails to allege any indorsement or assignment of the note to the plaintiff, it is insufficient.

SAME.—*Joint Note.*—*Judgment.*—A judgment on a joint note against part of the makers is a bar to an action against the others.

APPEAL from the Ripley Common Pleas.

DOWNEY, J.—This was an action brought by the appellee against James L. Yater, Abraham Yater, Jesse L. Holman, Henry Yater, and James White, on two promissory notes. In the first paragraph of the complaint it is alleged that the defendants, by their note, a copy of which, with the indorsements thereon, is made part of the complaint, the defendants James L. Yater and Abraham Yater, partners, as James L. Yater & Bro., the said Jesse L. Holman and Henry Yater by their firm name of Holman & Yater, and the said James White by his proper signature indorsed on the back of said note, promised to pay to one William Wheeler the sum of one hundred dollars; that Wheeler indorsed the note to one David Lindlay, who indorsed the same to the plaintiff, and that it remains unpaid.

The second paragraph of the complaint alleges the making of another note for the same amount by the defendants, payable to said Wheeler, but fails to allege any indorse-

ment of it by Wheeler to the plaintiff, or to any one else. The notes on which the paragraphs of the complaint are founded are both joint, and not several or joint and several. The action was dismissed as to White. Separate demurrers were filed to each of the paragraphs of the complaint by Jesse L. Holman and by Henry Yater, which were overruled, and they excepted.

Henry Yater then answered, denying the execution of the notes, in a sworn answer. James L. Yater and Abraham Yater answered, setting up the recovery of judgments against them on the same notes, by the plaintiff, before a justice of the peace.

Jesse L. Holman answered, setting up the recovery of the judgments by the plaintiff against James L. Yater and Abraham Yater, before the justice of the peace, and that replevin bail was entered thereof by one Voltz, and insisting that the plaintiff had failed to use proper diligence in trying to make the money out of said James L. Yater, and Abraham Yater, and said Voltz. He also filed another paragraph, but we need not notice it any further, as we think the case is in his favor upon another point. The plaintiff demurred to the first paragraph of the answer of Holman, and the demurrer was sustained. He excepted. The case ended in the rendition of a judgment in favor of the plaintiff against Jesse L. Holman alone. He appealed and has assigned as errors the overruling of the demurrer filed by him to the second paragraph of the complaint, and the sustaining of the demurrer of plaintiff to his answer.

The second paragraph of the complaint is evidently insufficient, for failing to show any indorsement or assignment of the note on which it is founded to the plaintiff.

The answer of Jesse L. Holman, the appellant, setting up the recovery of the judgments on the notes against James L. Yater and Abraham Yater, before the justice of the peace, is a good defence to the action, not, we think, on the ground which seems to have been in the mind of the pleader, but on the ground that a judgment on the joint note against

part of the makers is a bar to another action against the others. This has been repeatedly decided by this court. *Crosby* v. *Jeroloman*, 37 Ind. 264, and the cases there cited; *Barnett* v. *Juday*, 38 Ind. 86.

The judgment is reversed, with costs, and the cause remanded.

*E. P. Ferris* and *H. T. Lipperd*, for appellant.