JAMES MATTESON, Appellant, *v.* JOHN F. MOULTON, Repondent.

The "refusal" spoken of in the provision of the statute in reference to bills of exchange (1 R. S., 769, § 11), which declares that one upon whom a bill is drawn and delivered for acceptance, who destroys or refuses to deliver it, shall be deemed to have accepted it, is an affirmative act, or is made up of conduct tantamount to one ; it is also a wilful or wrongful act.

The mere retention, without a demand for a return, or a dissent to the retention, and with the permission of the owner, is not a refusal within the meaning of the statute.

Where, therefore, it appeared that the drawee promised to pay the amount by the the time or upon a contingency named, and that the payee, relying upon this, permitted the bill to remain in the hands of the former, and no demand or request for its return, and a denial or evasion thereof was proved, *held*, that the drawee was not chargeable as acceptor of the bill.

Also, *held*, that the promise to pay was void under the statute of frauds (2 R. S., 135, § 2), as it was an oral promise to answer for the debt of another.

(Submitted December 8, 1879 ; decided January 13, 1880.)

THE complaint in this action alleged, in substance, that one McDonald, for value, executed and delivered to plaintiff his bill of exchange, drawn upon defendant, for $526.76, which plaintiff delivered to defendant for payment, who has since retained it; that defendant, in consideration of the delivery, and his being permitted to retain the bill, promised to pay the amount thereof. (Reported below, 11 Hun, 268.)

It appeared that plaintiff sent the bill to defendant's office, and left it there ; that three days afterward he advised defendant of this, and asked if he was going to pay; stating, if he was not, he wanted the order. Defendant said he could not pay it then, but promised to do so when certain work was done, which he stated would take about two weeks. Plaintiff relied upon this promise, and left the bill. The work was completed, but defendant refused to pay. No demand for the bill was proved. *Held* as above.

There was evidence to the effect that the day before said promise was made by defendant his agent and the plaintiff conferred together as to the state of the drawer's accounts with defendant, and concluded that there was enough, or nearly enough to pay the bill, due the drawer. It did not appear that the order was then charged to the drawer, or credited to the plaintiff, and it appeared that the drawer's accounts on the books still lacked an entry to bring his balance up to the amount of the order. Plaintiff was nonsuited. It was claimed here that the jury might have found, from the evidence, that there was an adjustment of the

account, and that the amount of the bill was charged. *Held*, untenable. First. As there was no such ground of recovery stated in the complaint, nor was it urged on the trial. Second. It was not sustained by the evidence.

*Wm. H. Henderson* for appellant.

*Wm. Woodbury* for respondent.

FOLGER, J., reads for affirmance.
All concur.
Judgment affirmed.