Richardson *et al.* *v.* Snider *et al.*

No. 7476.

RICHARDSON ET AL. *v.* SNIDER ET AL.

PLEADING.—*Must Show Title.—Bill of Exchange.—Promissory Note.*—The complaint upon a bill of exchange or promissory note must show a right in the plaintiff to maintain an action thereon.

SAME.—*Insufficient Allegation of Title.*—Where the complaint in an action upon a bill of exchange shows that the drawer thereof is deceased, the allegation in such complaint, that the plaintiffs "are his successors in

and to his business, and as such are the legal and *bona fide* holders of the bill of 'exchange," is an insufficient averment of title.

SAME.—*Specific Statement Governs.*—A specific statement of title is the one which must govern.

BILLS OF EXCHANGE.—*Ownership of.*—By merely becoming the successor in business of another, one does not become the owner of bills of exchange of which the other died possessed.

PARTNERSHIP.—*Notice of Dissolution.*—*To whom Due.*—The rule, that notice of the dissolution of a partnership must be given to those with whom a firm has previously dealt, does not require actual notice thereof to be given to those with whom the firm has never dealt, although such persons may have acquired a knowledge of the members of such partnership, as the clerks or salesmen of one with whom the firm did have dealings.

SAME.—Nor does such rule require notice to be given to those who as agents represent the person with whom the firm deals, but only that it be given to the principal.

From the Cass Circuit Court.

*S. T. McConnell* and *T. J. Tuley*, for appellants.
*D. B. McConnell* and *R. Magee*, for appellees.

ELLIOTT, J.—The first and second paragraphs of the complaint of the appellees are founded upon bills of exchange, drawn by Louis Snider and accepted by the firm of Smith & Hall, of which it is alleged all the appellants were members. Demurrers were unsuccessfully addressed to each of these paragraphs, and appellants complain of the action of the court in overruling them.

The contention of the appellants is, that the complaint does not show any title in the appellees to the bills of exchange sued on, and that no right in appellees to maintain an action thereon is shown by the complaint. The allegations of title are essentially the same in both paragraphs, and are as follows: That said Louis Snider is deceased, and that the appellees "are his successors in and to his business, and, as such, are the legal and *bona fide* holders of the bill of exchange." There is no allegation that Louis Snider was a partner of the appellees, nor is the claim of ap-

Richardson *et al. v.* Snider *et al.*

pellees based upon the ground that they are surviving part-
ners.

It is a familiar rule of pleading that a complaint or dec-
laration must show title. *Jaccard* v. *Anderson*, 32 Mo. 188 ;
Stephens Pl. 304. The plaintiff, in an action upon a bill of
exchange or promissory note, must show a right in himself
to maintain an action thereon. *Archer* v. *Spencer*, 3 Blackf.
405 ; *Reed* v. *Garr*, 59 Ind. 299 ; *Barcus* v. *Evans*, 14 Ind.
381 ; *Rousch* v. *Duff*, 35 Mo. 312.

The allegation in the complaint under examination is a
peculiar one. It does assert generally that the appellees are
the *bonâ fide* holders of the bill, but it expressly limits and
restricts this general statement by specifically showing, that
they are such holders because they are the successors in
business of Louis Snider. This is the only effect that can
be given to the allegation that they are his successors in
business, and, as such, the holders of the bill. The owner-
ship they assert is such, and such only, as the fact of their
being the successors in business of Louis Snider confers
upon them. The nature of their title is specifically stated,
and the specific statement of title is the one which must
govern. *Reynolds* v. *Copeland*, 71 Ind. 422. The facts given
as constituting the foundation of the claim of title are not
sufficient to support it. A man, by becoming the successor
in business of another, does not become the owner of bills
of exchange of which that other died possessed. The facts,
which affirmatively appear upon the face of the complaint,
so far from showing title in the appellees, show, that in truth
they have none whatever. All that the allegations of the
complaint upon this point substantively assert is, that Louis
Snider died the owner of the bills, and that the appellees
succeeded to his business. In the form in which it is ex-
pressed, the statement that appellees are the owners is merely
a conclusion of law drawn by the pleader from the two facts,
Snider's death, and their succession to his business. Clearly

enough, these facts do not warrant the conclusion of owner-ship by the appellees of the bills declared on.   The demur-rers ought to have been sustained.

The third paragraph of the complaint is upon an account for goods sold and delivered to the firm of Hall & Smith, of which all the appellants are alleged to have been mem-bers.   Upon this paragraph of the complaint, an instruction was based by the trial court, of which the appellants Rich-ardson and Annabel complain.   By their motion for a new trial, by their assignment of errors, and in their brief, these appellants insist that the first instruction given to the jury was erroneous.   In order that the force of the instruction complained of may be understood, it is necessary to give a brief synopsis of the evidence touching the point upon which the instruction bears.   Smith, Hall, Richardson and Anna-bel had been partners, but in November, 1875, the partner-ship was dissolved, Richardson and Annabel retiring, and a notice of dissolution published in the newspapers ; but the business was continued, without any change of the firm name, by Smith and Hall.   The firm of Smith & Hall, prior to November, 1875, had dealt with Louis Snider, but had never dealt with the firm of Louis Snider's Sons.   Louis Snider was represented in his dealings with Smith & Hall prior to the withdrawal of Richardson and Annabel, by some of the appellees, but they were not, however, associated with him as partners, but simply as agents.   The goods, described in the third paragraph, were sold after the dissolution of the partnership which had existed between the appellants, and the withdrawal of Richardson and Annabel from the firm of Smith & Hall.   The instruction under mention is somewhat lengthy and confused, and it need not be copied, as the legal proposition, which it asserts, can be stated in a condensed form.   It declares, in substance, that if any of the ap-pellees, as agents of Louis Snider, had acquired knowledge from the dealings of Smith & Hall with Louis Snider, that

Richardson and Annabel were members of that firm, and goods were sold to said firm of Smith & Hall after the with- drawal of Richardson and Annabel, the latter were liable, unless they had shown that the firm of Louis Snider's Sons had actual notice of the dissolution of the firm of Smith & Hall, and the withdrawal of Richardson and Annabel. This instruction was erroneous. Richardson and Annabel were bound to give actual notice only to those with whom the firm of Smith & Hall had previously dealt. No dealings at all had ever been had by Smith & Hall with the firm of Louis Snider's Sons, and the retiring partners were under no obli- gation to give them notice. It can not be held, because some of the agents of Louis Snider knew who composed the original firm of Smith & Hall, that when they, the agents, established an entirely new firm, they were entitled to notice of dissolution. Certainly this would not be seriously con- tended, if the agents of Louis Snider had gone to some dis- tant city and there formed a new partnership ; and yet the principle is precisely the same. Nor could it be seriously insisted that each of the agents would have been entitled to actual notice if there had been a separation, and each had gone into a new and distinct firm. The rule requiring no- tice to those with whom the firm has previously dealt, does not require actual notice to be given to persons with whom the firm had never directly dealt, although such persons may have been the clerks or salesmen of one with whom the firm did have previous dealings. This must be the rule, or else it must follow, that it would be the duty of persons retiring from a firm to give actual notice to clerks, salesmen, book- 'keepers and every one else who had been in the service of one with whom the firm had previously dealt, and who had acquired knowledge, through such service, of the members of the partnership. The rule, as to actual notice, does not require that it shall be given to those who, as agents, repre- sent the person with whom the firm deals, but that it shall

be given to the principal. In no just sense can it be said that the dealing is with the agent, for the act of the agent is that of his principal.

Judgment reversed, at costs of appellees.