Chandler *v.* Morrison, Administrator.

Filed April 10, 1890.

---

No. 14,068.

## CHANDLER *v.* MORRISON, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Advancement of Distributive Share.— Indemnifying Bond.—Action Upon.—Complaint.—Sufficiency of.*—In an action by the administrator, the assignee of a bond of indemnity executed upon the advancement of the distributive share to one of the heirs by their attorney, it appeared from the averments in the complaint that the administrator in his report informed the court that there was no indebtedness existing against his trust; that the obligee named in the bond, the attorney of the heirs at law of the decedent, as such, caused the administrator to pay to the clerk of the court certain moneys recovered from parties indebted to the estate; that the attorney, acting for the guardian on behalf of the ward, paid to the guardian the money received from the clerk for distribution, and supposed to be the ward's distributive share, receipting therefor to the clerk and accepting the bond as indemnity to himself and the administrator in case suits should be brought by creditors; that suits were brought, all former proceedings set aside, and the attorney ordered to turn over all the moneys in his hands, including the bond, to the administrator; that repayment of the money paid to the guardian has been demanded and refused, and that the same is necessary in order to discharge the indebtedness of the estate.

*Held,* that the complaint states a good cause of action.

*Held,* also, that the bond is upon a valuable consideration, and is enforceable.

SAME.—*Indemnifying Bond.—Action Upon.—Time of Bringing.*—In such case an action upon the bond is not prematurely brought if prosecuted after suit has been begun against the attorney, and after the proceeds of

the estate in his hands, including the bond, are ordered to be turned over to the administrator, and after the money paid the guardian has been demanded and refused.

From the Hancock Circuit Court.

*W. R. Hough,* for appellant.

*J. A. New* and *A. M. New,* for appellee.

BERKSHIRE, J.—The appellee instituted this action against the appellant and one James P. Galbreath on a certain writing obligatory executed by them to one James A. New, and by him endorsed to the appellee in pursuance of an order made by the circuit court of Marion county.

The complaint is in one paragraph, and reads as follows:

"The plaintiff, Frank W. Morrison, as administrator of the estate of John C. Atkinson, complains of the defendants, James P. Galbreath and Morgan Chandler, and says that on the — day of August, 1884, the plaintiff was by the Marion Circuit Court appointed administrator of said estate; that thereafter he, as such, instituted a suit in said court against one Susan Dean and her husband to recover moneys of said estate alleged to be in their hands; that the result of said suit was such that said defendants were required to pay into court for the benefit of said estate the sum of $3,000, which was accepted by said plaintiff in full of all liability against said defendants; that at such time one James A. New, as the attorney of certain heirs at law of said Atkinson, caused said administrator to pay into the hands of the clerk of said court the said sum after deducting the costs incident to said proceeding, and said administrator did, after showing to the court that there existed as against said estate no creditors, pay to the clerk of said court the sum of $2,800; that the said New did thereafter receive from said clerk said sum, and only as the attorney of one Martha Derry and Flora Fishburn and Logan Galbreath, being the children of Galbreath, who was a child and heir at law of said Atkinson; that at the time of the receipt of said sum by said New he had no

actual knowledge of the existence of creditors of said estate; that the said New did thereafter pay to the said defendant Galbreath, as guardian of the person and estate of said Logan, the sum of $625, in full of his distributive share of said estate; that at the time of said payment to said Galbreath, for the purpose of indemnifying said New, he took the certain bond herewith filed, and made a part of this complaint, and marked 'A,' and signed by said Galbreath and by Chandler as his surety, and upon the execution thereof paid to the said Galbreath the said sum of $625; that such proceedings were afterwards had in said matter as that suit was instituted against said New and others in the Marion Circuit Court, setting aside all of said proceedings, and ordering and directing the said New to pay into the hands of the clerk of said court all moneys at such time remaining in his hands of such receipts; also all notes and collaterals taken by him in evidence of said payment, and for the protection of said New, and that the same should be taken into the hands of the administrator of said estate, including said bond herewith filed, for the benefit of the creditors thereof; that, under and by virtue of said order of court, the said New turned over to said plaintiff, with other claims of like character, the certain writing obligatory herewith filed; that the amount of money for which said bond was given, and which the said Galbreath received, has never been repaid the plaintiff, although the same has been frequently demanded; that the same is just, due, and wholly unpaid; that the same is necessary in order to discharge the indebtedness of said estate. Wherefore the plaintiff demands judgment in the sum of $800, and all proper relief."

The bond, " Exhibit A," reads as follows :

" GREENFIELD, August 18th, 1884.

" We, the undersigned, James P. Galbreath, guardian, etc., and his surety, hereby bind ourselves unto James A. New, in the sum of six hundred and twenty-five dollars, for the payment of which we bind ourselves firmly, etc.

Chandler v. Morrison, Administrator.

" Now the condition of the above obligation is such that, whereas, the said New has received from the clerk of the court of Marion county, in the State of Indiana, out of a certain suit instituted by F. W. Morrison, in his trust capacity, against Susan Dean *et al.*, the sum of six hundred and twenty-five dollars, and is about to pay the same to said Galbreath, as guardian of Logan Galbreath, and whereas, further, certain of the pretended creditors of John C. Atkinson, deceased, are threatening to institute suit against said New and said Morrison on their bond and otherwise to recover said funds. Now if the said New shall pay said sum to said Galbreath as guardian, and any suit shall be instituted by any pretended creditor of said estate against either said New or said Morrison, arising out of their doings in said estate, and their receipt and disbursement of said funds, then this obligation shall protect them against said litigation or liability to said extent of $625, and if said New or Morrison shall not suffer any losses on account of their doings in said estate in the disbursement of said funds, then this bond shall be void.

" Witness our hands and seals this August 18th, 1884.

"JAMES P. GALBREATH.
"MORGAN CHANDLER."

To the said complaint the appellant addressed a demurrer, assigning as his cause of demurrer that the complaint did not state facts sufficient to constitute a cause of action.

The court overruled the said demurrer, and the appellant reserved the proper exceptions, and refusing to plead further judgment was rendered against him for want of an answer. Thereupon the appellant filed an appeal bond and prayed an appeal to this Court, which was granted.

There is but one error assigned, viz., the overruling of the demurrer to the complaint.

Two objections are urged against the complaint: 1st. That the allegations therein contained, when taken together with

the recitals in the bond, disclose an illegal transaction which renders the obligation void.    2d.  That the averments in the complaint do not show that the conditions of the bond have been broken.

That the complaint is not a model pleading we must admit; but it does appear, from the averments therein contained, that the appellee made his report to the court, in which he informed the court that there was no indebtedness against his trust ; that James A. New, the obligee named in the bond, was the attorney for the heirs at law of the decedent, and as such caused the appellee to pay over to the clerk of the Marion Circuit Court $2,800 of the money recovered from the Deans; that the said New, as the attorney for the said guardian, on behalf of his said ward, received from the said clerk, and receipted to him therefor, the amount named in the bond, and paid the same over to the said guardian as the distributive share supposed to be due the said ward, and accepted the bond as an indemnity to himself and the appellee; that afterwards such other proceedings were had in said court that all former proceedings relating to said matter were set aside, and the said New was ordered to turn over all of said moneys in his hands, and all notes and collaterals growing out of said transaction, including said bond, to the appellee.

Taking these averments altogether, we are forced to the conclusion that the appellee paid the said sum of money to the said clerk, pursuant to the order of the court, for distribution, as provided in section 2380, R. S. 1881; the recitals in the bond strengthen us in this conclusion.

The bond is not only executed as an indemnity to New, but equally so to the appellee, and is made to cover any liability growing out of the disbursement of the sum of money paid to the said guardian.

New could not have compelled the payment of the money to the clerk, as alleged, except through an order of the court,

and the court would have been unauthorized to make an order for a distribution of the money among the heirs, except it had first been informed in some legal way that the money would not be required for the payment of debts.

The complaint was not sufficiently specific; but the remedy for that infirmity was not by demurrer, but by motion.

But independent of the statute to which we have referred, we discover no good reason for excusing the appellant from liability upon the bond.

It rests upon a valuable consideration; there is nothing in the record to indicate that the transaction was tainted with bad faith, or that it was illegal, and we can not so presume.

The estate belonged to the heirs at law of the decedent, subject to the rights of creditors, and if (as is averred the parties supposed) there were no creditors, and the administrator, clerk of the court, or New, the attorney, was willing to pay over the money in advance of the time at which distribution could be made after final settlement, upon the excution of a bond of indemnity, and assume the responsibility which all parties knew would arise in case creditors of the estate appeared, and afterwards the money was paid and the obligation sued on executed, we can imagine no legal or moral reason why the obligors on the bond should not be held to their obligation; and it would certainly be contrary to all principles of justice to hold that they were not. *Wheeler v. Hawkins,* 116 Ind. 515, is in point, and supports our conclusion. See, also, the authorities cited in that case.

It is not our opinion that the action was brought prematurely. The complaint shows, as already stated, that suit had been brought against New and others, and that New had been ordered by the court to turn over to the appellee the proceeds of the estate in his hands, including the bond here sued upon, and that afterwards repayment of the money paid to the said guardian had been demanded and refused.

The court did not err in overruling the demurrer to the complaint.

Judgment affirmed, with costs.

Filed Jan. 7, 1890; petition for a rehearing overruled April 10, 1890.