Derry *et al. v.* Morrison, Administrator.

Filed Nov. 9, 1893.

---

No. 882.

## DERRY ET AL. *v.* MORRISON, ADMINISTRATOR.

PLEADING.—*Complaint, Sufficiency of.—Indemnity Bond.—Failure to Show Right of Action in Plaintiff.*—A., as attorney for B., received from the clerk of the court certain money as the distributive share of B. in her father's estate. Because of certain claims made upon him by others who asserted a right to the funds superior to B.'s, A. refused to pay the fund over to B., and in order to procure the money from A., B. and her husband executed an indemnifying bond to A., payable on demand, in case A. should be ordered to repay the money, or any part thereof, to any claimant, to the clerk of the court, or to the administrator of the estate. In a suit by C., a claimant against the estate, B. was ordered to pay over the money so received by her from A., to the administrator of the estate; and, on failure to do so, the administrator instituted suit on the bond executed to A.

Derry *et al. v.* Morrison, Administrator.

*Held*, that the bond having been executed expressly for the protection of A. alone, the complaint was insufficient which did not show that it had been assigned or transferred to plaintiff, the administrator.

SAME.—*Insufficiency of Facts.*—*Parties.*—In such case, the fact that A. was made a party defendant to answer to his interest, does not aid the complaint in showing a right of action in plaintiff.

From the Hancock Circuit Court.

*W. R. Hough* and *Davis & Martz*, for appellants.

*A. C. Ayres and A. Q. Jones*, for appellee.

GAVIN, J.—The appellee brought suit upon a written bond executed by the appellants to one James A. New. The cause was tried on the answer of general denial to the complaint.

The bond is as follows:

"This is to certify that I and my wife, Martha A. Derry, have this day received of James A. New the sum of six hundred and twenty-five dollars ($625), money collected in the suit of Morrison, administrator, against Dean, in the circuit court of Marion county, and that I am empowered and authorized by the said Martha to receive said sum of said New, and that, whereas, further, a suit is instituted in the Marion Circuit Court against said New demanding that he shall return said money to the clerk's office of said county, and the said New is refusing to turn said sum of money over to me on account thereof.

"Now, we each hereby agree and bind ourselves unto said James A. New in the said sum of $625, in case he is ordered to refund or repay said sum, or any part thereof, to the plaintiff Noble Warrum, to the clerk of said court or to the administrator of said estate; that we will pay said New said sum on demand, and in default will be liable to said New in damages to that amount.

(Signed)                              "JOEL DERRY,
                                            "MARTHA DERRY."

To the complaint a demurrer for want of facts was overruled, with an exception.

The following are the facts as found specially, and the conclusions of law thereon:

"*First.* That on the 27th day of June, 1884, the defendant James A. New, as the attorney of and for the defendant Martha Derry, received from the clerk of the circuit court of Marion county, Indiana, as her, the said Martha's, distributive share of the estate of her father, John C. Atkinson, deceased, the sum of $1,389.

"*Second.* That afterwards, on the —— day of ——, 1884, the defendant New, as the attorney of the defendant Martha Derry, as and for a part of the money so received by him for her, as above found, delivered to her his check on bank for the sum of $600, and also surrendered for cancellation a certain promissory note for the sum of $25, which had been executed to him by the defendant Joel Derry, in part consideration for his services as the attorney for said Martha in the suit and matter wherein said moneys had been collected and received, and that at the time the defendants, Martha and Joel, executed to the defendant New the written instrument sued on and set out in the amended second paragraph of complaint herein, which said instrument, in substance, certifies."

After reciting the substance of the contract heretofore set out, the finding then proceeds:

"And that the only consideration for the execution of said instrument by said Martha and Joel was the delivery of said check for the sum of $600, and the surrender of said note for $25, as aforesaid.

"*Third.* That after the execution of said written instrument, on the 3d day of May, 1887, in the certain action pending in the circuit court of Marion county men-

tioned in said instrument, and wherein Noble Warrum was plaintiff, and Frank W. Morrison, James A. New, Martha Derry, Logan Galbreath, and Flora Fishburn were defendants, said court did, among other things therein, order and decree that the defendant Martha Derry, should, within sixty days thereafter, pay over to Frank W. Morrison, as administrator of the estate of John C. Atkinson, deceased, the moneys so received by her from the defendant New, as hereinbefore found by the court.

"*Fourth.* That the defendant New was not in the action named in the last finding above, nor has he been in any action by any court, ordered or directed to assign, transfer or deliver the written instrument sued on and set out in the amended complaint herein, to the plaintiff.

"*Fifth.* That the defendant New did not, at any time before the commencement of this action, nor has he at any time since, assigned, transferred or delivered to the plaintiff said written instrument sued on herein, otherwise than by the institution and prosecution of this proceeding as the attorney for the plaintiff herein.

"*Sixth.* That no order has at any time been made by the Marion Circuit Court for the repayment to Noble Warrum, or to the clerk of said court or the administrator of the estate of said John Atkinson, deceased, by said James A. New, or by any person other than the defendant Martha Derry, of the $625 so found to have been paid the said defendant by said New; that said money was so paid to the defendant Martha Derry, as a part of her distributive share as one of the heirs of said John C. Atkinson, deceased, and that the same is the $625 mentioned in said instrument of writing, and that said instrument was executed to secure the payment of the same if required and ordered by said Marion Circuit Court to

be paid by said New; and that the same has not been repaid by said Martha Derry to said James A. New, or to the clerk of said Marion Circuit Court, or to the administrator of said estate, or to any other person, but is now retained by her.

"From the facts so found, I conclude that the plaintiff is entitled to recover of the defendants, Joel Derry and Martha Derry, said sum of $625.

"WM. H. MARTIN, Judge."

The facts found show, that there were in the hands of New, her attorney, certain moneys received by him for appellee Martha Derry, as part of her distributive share in her father's estate; that he refused to pay them over to her because of certain threatened claims upon him made by others who asserted a right to the funds superior to hers; that in order to procure the moneys from him, she executed the bond sued on, payable to him, wherein the obligors agree to pay to him said sum on demand "in case he is ordered to refund or repay said sum, or any part thereof, to the plaintiff Noble Warrum, to the clerk of said court, or to the administrator of said estate."

It is expressly found by the court that New never has been ordered to pay this money to Warrum, nor to the clerk, nor to the administrator, nor to any one else.

We are unable to construe this bond to be other than a simple bond of indemnity made for the protection of New. Its words are plain and unambiguous. There is in it not the least hint that it is for the protection of the administrator or the estate. The court find expressly as a fact that it was executed to protect New. There is no pretense that New has ever been ordered to refund or repay the money, or damnified in any manner. If he has not, no cause of action has accrued to him or any one else upon the bond. There is no right to maintain an

action on this bond shown to exist in favor of the appellee, under the facts as found. The bond is executed to New. He is made a party to answer to his interest, but there is no finding of its transfer to appellee in any manner whatever. There is a finding that he was not ordered to transfer it, and also a finding that he never did transfer it to appellee "otherwise than by the institution and prosecution of this proceeding as attorney for the plaintiff herein," which is equivalent to a finding that he did not transfer it. His bringing suit in appellee's name could not be a transfer. It might be evidence of a transfer, but nothing more.

The bond having been executed to New alone and there being no averment that it had been assigned or transferred to appellee, his complaint is bad. *Holman* v. *Langtree*, 40 Ind. 349; *Green* v. *Louthain*, 49 Ind. 139; *Richardson* v. *Snider*, 72 Ind. 425.

The fact that New was made a party to answer to his interest does not aid the complaint in this respect. His presence or absence as a party does not affect the sufficiency of the complaint, on a demurrer for want of facts. Whether he is made a party or not is immaterial as a matter of pleading, unless the question is raised by demurrer for defect of parties defendant. *Strong* v. *Downing*, 34 Ind. 300; *Shane* v. *Lowry*, 48 Ind. 205; *Leedy* v. *Nash*, 67 Ind. 311.

There might be facts such as the insolvency of New, or an order of the court to transfer, and refusal by him, which might enable the appellee to be subrogated to the rights of New in the bond, but none such are alleged.

Counsel for appellee rely, with apparent confidence, upon the case of *Chandler* v. *Morrison, Admr.*, 123 Ind. 254, as conclusive of this cause and identical with it. We are unable to so hold. There is between the two cases a marked and wide difference. In that case the

bond was, upon its face, made for the benefit and pro-
tection of Morrison as well as New.   It was therein ex-
pressly agreed that ''if any suit shall be instituted by any
pretended creditor of said estate against either said New
or said Morrison, arising out of their doings in said es-
tate, and their receipt and disbursement of said funds,
then this obligation shall protect them against said liti-
gation or liability to said extent of $625.''   In the bond
in this case there is no effort to protect Morrison.   The
question there arose on demurrer to the complaint, which
alleged that in a suit against said New and others, said
proceedings, by which the payment of said money to the
heirs had been ordered, had been set aside, and said New
had been ordered to pay to the clerk all said moneys in
his hands and all notes and collaterals, including the
bond sued on, which should be taken by the adminis-
trator for the benefit of said estate, and that under said
order he did turn said bond over to said administrator.
In this case, there was no order against New, and no
transfer by him.

There are other averments in that complaint which
evidently influenced the mind of the court, and which
do not appear in the facts as found in this cause.   It is,
however, unnecessary to go into these in detail.   We
have already called attention to essential allegations in
that complaint, which are entirely lacking in the facts as
found by the court in this case, and which supply the
very things which are wanting here.   We are, therefore,
of the opinion that the court erred in its conclusions of
law.

If it be granted, which we do not hold, that there is in
the complaint a sufficient averment of an order of the
court requiring New to repay this money, the complaint
is still bad for want of direct averment of an assignment
or transfer of the bond to appellee.

The judgment is reversed, with instructions to the court to sustain the demurrer to the amended second paragraph of complaint, with leave to amend.

Filed May 10, 1893; petition for a rehearing overruled Nov. 7, 1893.