Gavin, J.
This suit was brought by the appellee to foreclose a street-assessment lien. It is asserted by appellant that the only proper mode of collecting such assessments is by following the provisions of section 4298, R. S. 1894. In this we think he is in error. It is expressly stated in section 4294 that as to those assessed more than $50, who do not elect to take the benefit of the ten years’ time allowed them, and those whose assessments are less than $50, the assessments “may be •collected according to the provisions of amended section 10 of this act (being said section 4298), or the contractor ■or his assigns may foreclose such assessment as a mortgage is foreclosed, in any court of competent jurisdiction.”
As claimed by appellee, this action was founded upon the assessment and not upon the contract for the improvement, nor the order given to the contractors for the contract price of the work. Dugger v. Hicks, 11 Ind. App. 374. Van Sickle v. Belknap, 129 Ind. 558.
This being true the order filed as an exhibit can not be looked to to aid any defective averment of the pleading. Fuller v. Cox, 135 Ind. 46, and cases there cited.
*418 It is claimed by appellant that his demurrer, for want of facts, should have been sustained, because it appears from the averments of the complaint that the firm of L. Frakes & Co. were the contractors who did the work and that they sold and assigned the order issued to them for the work to ‘'Eggleston, Mallett & Brawsell,” but there' is no allegation of an assignment from this firm to the-plaintiff, nor is there any other averment of an assignment of the assessment or the money due upon it other than as may be inferred from this averment.
This position we are compelled to sustain. It is probable that the omission of such an allegation results from the oversight of counsel in preparing the complaint or from the want of care of the typewriter in preparing the transcript, yet we must take the transcript as we find it.
While this court will ofténtimes disregard manifest clerical mistakes, yet we can not under this guise supply such a material averment entirely lacking in the complaint.
Appellee seeks to avoid the catastrophe by taking the position that it is simply a question of defect of parties-defendant (Bozarth being the sole defendant), which is waived by failure to present it specifically as a cause of demurrer. This contention can not be sustained.
A demurrer for want of sufficient facts being the fifth statutory ground under section 339, R. S. 1881, calls in question not only whether or not a cause of action is-stated against defendant in favor of any one, but also whether any cause of action is stated in favor of the plaintiff which she is entitled to sue upon and enforce. Louisville, etc., R. R. Co. v. Lohges, 6 Ind. App. 288; Farris v. Jones, 112 Ind. 498; Board, etc., v. Kimberlin, 108 Ind. 449; Frazer v. State, for Use, 106 Ind. 471; Walker, Admx., v. Heller, 104 Ind. 327; Pence v. Augher, Guar., 101 Ind. 317; Bond v. Armstrong, 88 Ind. 65.
*419 Filed Dec. 13, 1894.
The allegations of this complaint leave whatever cause of action does exist upon the facts pleaded in the firm of Eggleston, Mallett & Browsell and not in the plaintiff, and is therefore bad. Holman v. Langtree, 40 Ind. 349; Green v. Louthain, 49 Ind. 139; Richardson v. Snider, 72 Ind. 425; Derry v. Morrison, 8 Ind. App. 50.
A number of other objections are urged to the complaint, such as that it fails to aver directly that the appellant’s property bordered upon the part of the street improved, or that the work was completed according to the contract.
It may also be added that it does not appear most satisfactorily that the appellant came within either of the two classes against whom foreclosure was authorized under section 4294, supra. What weight shouldbegiven tothese and some other'objections urged we need not not now determine, since any doubt may be easily removed by amendments which will probably be made.
The judgment is reversed, with instructions to sustain the demurrer to the complaint, with leave to amend.