### St. Louis Southwestern Railway Company *v.* James.

Opinion delivered April 23, 1906.

1. Appeal—instruction—exception.—Error of the court in giving a certain instruction can not be insisted upon on appeal if there was no objection to it, and no exception saved. (Page 492.)

2. Bill of exchange—statutory acceptance.—Under Kirby's Digest, § 500, providing that "every person upon whom a bill of exchange is drawn, and to whom the same may be delivered for acceptance, who shall * * * refuse within twenty-four hours after such delivery, or within such time as the holder may allow, to return the bill, accepted or non-accepted, to the holder, shall be deemed to have accepted the same," a mere neglect or failure to return does not constitute an acceptance, in the absence of any demand for their return. (Page 492.)

3. Same—acceptance by failure to return.—In the absence of any demand or request for a return of a bill of exchange delivered to the drawee for acceptance, a mere failure to return the same does not bind the drawee as acceptor. (Page 493.)

4. Circuit court—jurisdiction.—The circuit court has jurisdiction of an action to recover a sum exceeding $100 due upon a single contract,

though made up of various items of account, each less than the juris-
dictional amount.   (Page 494.)

Appeal from Craighead Circuit Court, Jonesboro District;
*Allen Hughes,* Judge; reversed.

*S. H. West* and *J. C. Hawthorne,* for appellant.

1.  The burden was on appellee to show that the wages
were due on the orders given, and were not paid.   14 Ark. 389;
40 Ark. 187.   There was no contract requiring appellant to re-
turn the unpaid orders to appellee, and it was under no obligation
to do so, unless they come within the provision of Kirby's Digest,
§ 500.   If they do not come within the provision of that section,
the court erred in instructing the jury that appellant was under
obligation to either pay or return the orders, and if it did neither
for an unreasonable time it was liable for the amount.   If they do
come within its provision, the court has no jurisdiction.   55
Ark. 143; 35 Ark. 287.

2.  On the question of damages for failure to repair the
house and range, the verdict is excessive.

*Lamb & Caraway,* for appellee.

1.  Since the entire amount sued for was within the juris-
diction of the circuit court, there was no error as to jurisdiction.
59 Ark. 86; 24 Ark. 177.

2.  The question of damages for failure to repair was one
of fact for the jury under proper instructions.   With sufficient
evidence to support the verdict their verdict is conclusive.

RIDDICK, J.   This is an action by J. B. James against the
St. Louis Southwestern Railway Company to recover damages on
account of the failure of the company to repair a building used
as a restaurant or railway eating-house, and which he had leased
from the defendant, and also for failure to pay board for certain
of its employees.   The complaint thus embraced two separate
causes of action based on separate contracts.

In the contract by which the company leased the building
in question to James, it was agreed that the company should make
all necessary repairs on such building.   The company also agreed
with him that it would pay all board orders given by its employees
when, to quote the language of the contract, "it appears that de-
duction can be made out of the wages due them."   On the trial

before the jury, the jury returned a verdict in favor of the plaintiff for $35 on board orders, and $147 for other damages.

As to the $147 for damages for the failure of the company to repair building, we think the evidence is sufficient to support the verdict. Appellant contends that the court by its eighth instruction submitted to the jury the question as to whether defendant was liable to plaintiff for an item of $12 expended by him in screening the house, and that this amount was included in the sum found by the jury. This instruction is rather vague, and we are not certain that it was the intention of the court to submit this question to the jury, or that the jury included that item in the the amount found. The plaintiff contends that the court by that instruction intended to exclude the item referred to from the consideration of the jury. As defendant did not except to this instruction, or object to it in any way, we are of the opinion that its contention on this point should be overruled.

As to the orders given by employees of the company on it in payment for meals or board due by them to the plaintiff, the testimony shows that it was the custom of the company, when the company was due the employees an amount equal to or greater than the orders, to charge the order to the employee, and account to the plaintiff for the amount of the order. If nothing was due the employee, the orders were returned to the plaintiff unless the employee was still in the service of the company, in which event the orders were sometimes retained with the view of collecting them from future wages of the employee. It does not appear that any objection to such retention of the orders was made by James; and, as it was done in his interest, he probably did not object to it. But in instructing the jury on this point the court told them that the company was liable for the amount of such orders if it kept them, "unaccounted for, an unreasonable length of time, without notifying the plaintiff of any reason why they could not be paid." Now, counsel for plaintiff contends that these orders, being drawn for a specified sum, were bills of exchange within the meaning of our statute (Kirby's Digest, § 507), and that a failure to return the same made the company liable under the following section, towit:

"Every person upon whom a bill of exchange is drawn, and to whom the same may be delivered for acceptance, who shall

destroy such bill, or refuse within twenty-four hours after such delivery, or within such time as the holder may allow, to return the bill, accepted or non-accepted, to the holder, shall be deemed to have accepted the same." Kirby's Digest, § 500.

It will be noticed that, to make the company liable under this section, it must be shown that the orders were destroyed, or that there was a refusal to return the same. A mere neglect or failure to return does not constitute an acceptance under this statute. Statutes similar to this are found in many of the States, and it has been held by courts in several of those States that the refusal mentioned in the statute "refers to something of a tortious character, implying an unauthorized conversion of the bill by the drawee." *Matteson* v. *Moulton,* 11 Hun (N. Y.), 268; *Matteson* v. *Moulton,* 79 N. Y. 627; *Dickinson* v. *Marsh,* 57 Mo. Appeals, 566.

As it is not shown that any demand for the return of these orders had ever been made on the company, or that it had ever refused to return the orders, we do not think this statute has any application in this case. Leaving out the statute, it can not be said that a failure to return the bill of exchange constitutes an acceptance in this State, for our statute expressly requires that an acceptance to bind the acceptor shall be in writing. Kirby's Digest, § 495. In the absence of any demand or request for a return, it is clear that a mere failure to return does not in this State bind the drawee as acceptor. *Overman* v. *Hoboken City Bank,* 31 N. J. L. 564; *Colorado National Bank* v. *Boettcher,* 5 Col. 190, 46 Am. St. Rep. 142; *Hall* v. *Flanders,* 83 Me. 242, 21 Am. & Eng. Enc. Law, 220; *Rousch* v. *Duff,* 35 Mo. 312.

But there was nothing in the contract between the plaintiff and the defendant railway company that required the company to return the orders of its employees forwarded by the plaintiff to it when there was no money due from the company to the person by whom they were drawn. The evidence showed that it was the custom of the company to return the orders which it did not intend to pay, and the failure of the company to return an order was no doubt a circumstance tending more or less to show that the employee by whom it was drawn had money in the hands of the company with which to pay it, and that the company intended to pay it. But this was not conclusive, and the company

had the right to show that the failure to return was due to other reasons. The failure to return may have been due to oversight, and the plaintiff may have suffered no injury from such failure. We are therefore of the opinion that the court erred in instructing the jury, over the objection of defendant, that, as a matter of law, the company was liable if it kept the orders an unreasonable time without notifying plaintiff of its reasons for not paying them.

Counsel for appellants contends that if these orders drawn by the employees on the company in payment for board be considered as bills of exchange, then the circuit court had no jurisdiction, for the reason that neither of them is for an amount greater than one hundred dollars. But this is not an action on those orders. It is an action to recover for amount due for board of employees of the company under the contract of the company with plaintiff, and the orders are only evidence tending to establish the different items of the account. The whole account sued for being in excess of one hundred dollars, the circuit court had jurisdiction. *Friend* v. *Smith Gin Co.,* 59 Ark. 86.

The result is that, in our opinion, the judgment should be affirmed as to the $147 allowed for repairs, but reversed as to $35 allowed for board, and remanded for a new trial on that cause of action. It is so ordered.