Daniel. J.
 

 First;
 
 was the £100
 
 given
 
 to the plaintiff, as is stated in the case, a charge on the land ? Wre think it was an equitable charge,
 
 that is,
 
 that in this Court the land is to be regarded as a security for it. In the cose of
 
 Abrams
 
 v
 
 Windup,
 
 3 Russ. R. 35, a testator devised lands to Joseph Bulmer, for paying his son Thomas Bulmer £50, When of the age of twenty-one years. The Master ot the Rolls was of opinion, that this was a devise of the fee to Joseph Bulmer, charged with the payment of the £50 to his son. In
 
 Miles v Leigh,
 
 1 Atk. 573, testator devised lands to his wife for life, remainder to his son R. in fee; and he gave to A. a legacy of £150 to be paid in twelve months after his son R. should come to enjoy the premises. The legacy to A. was held a charge, and it was decreed with interest from the death of testator’s wife, against R.’s son and heir. In
 
 Ladd v Carter,
 
 Prec. Chan. 27, a devise of .lands to A. for life, remainder to such child or children as should be living at his death and to their heirs, A. paying £40 to R. This was a charge, not only on A.’s estate for life, but also on the remainder. In the case now before us, the words
 
 *129
 
 Immediately following the devise to John Aston ave, “
 
 paying
 
 to my two nephews £100 each, at their ages twenty-one years: But if it shouLd so happen, that they should be of age before John shall be in possession of the said plantation and land, in that case he is not bound to pay under two years from the day of his taking possession.” It seems to us, that the £100 was not intended by the testator, to be a personal debt on the devisee in remainder only ; but it was to arise out of the land, after the devisee should get into the possession of the same, and he be able to make it out of the rents and profits — therefore it was a charge upon the land.
 
 Secondly,
 
 the executors of Galloway rely on the presumption of payment, or abandonment of the plaintiff’s equitable interest in this legacy. Under the statute, (Rev. Stat. c. 65, s. 14) before such a presumption can arise, thirteen years must have run between the time the plaintiff could have filed his bill, and the time he actually did file it. The £100 legacy was not payable, until after the expiration of two years, from the time the remainderman John Aston had a right to enter into the possession, to wit, two years after the death of the tenant for life. The thirteen years had not run by the space of three days, when this bill was filed, taking the death of the widow to have been at the earliest day mentioned in the evideuce. We have heretofore said that the filing-of the bill is the commencement of the suit. 2 Dev.
 
 &
 
 Bat. 82. The act of Assembly therefore does not bar the plaintiff.
 

 Thirdly; the defendant Wisdom says that he isa purchaser for the full value of the fee-simple in possession, and also that he purchased without notice of the plaintiff’s demand ; and, therefore, that he is not liable at all, or, at any rate, that Galloway is liable before him. As the opinion of the court is with him upon the latter ground, it will not be necessary, at least for the present, to express any upon the first point, inasmuch as the plaintiff is satisfied with a decree against Galloway in the first instance, as there is no doubt of the solvency of his estate. Wisdom purchased
 
 *130
 
 without any actual notice, and, as appears both from his answer and that of Galloway, contracted for the unencumbered fee, reserving nothing, but paying the whole purchase money to Galloway’s executors, who still have it. They have therefore the fund, which ought to satisfy the plaintiff’s demand-, and there must be a decree against them for the plaintiff’s legacy of £200, with interest thereon from the filing of the bill. The interest cannot be carried farther back, because it appears the plaintiff absconded from this State and removed into parts unknown in the Western States before the death of Mrs. Aston. Galloway might not have known that his brother John, the devisee of the
 
 land,
 
 had not paid him, or that the plaintiff did not look to him. The legacy to the other brother he paid on demand. It was the duty of the plaintiff also to have requested payment, or, at least, given Galloway notice where he might be found. But for the principal and interest from the filing of the bill and for the plaintiff’s costs, Galloway’s estate is liable. Between the plaintiff and Wisdom neither party is entitled to costs up to this time; but the bill will be retained as against Wisdom, until it be ascertained, whether payment can be had from Galloway.
 

 Per Curiam, Decree accordingly.