VICKSBURG WATERWORKS CO. *v.* Y. & M. V. R. R. CO.

[59 South. 825.]

1. WATERS. *Water meters. Defects. Estoppel. Accord and satisfaction.*
    In a suit by a waterworks company against a consumer on a con ‧ tract for water furnished, the mere negligence or lax business ‧ methods of the waterworks company in failing to put in a correct meter to properly register the amount of water used, will not estop the company from collecting the amount actually used unless it can be shown that the consumer was misled thereby to its injury.

2. SAME.
    If the parties to the contract, knowing that the meter was out of commission, had agreed to estimate the amount due and accepted the estimate as the total amount, in such case there would be an accord and satisfaction.

3. STATUTE OF LIMITATIONS. *Written contract.*

Where an action is based on a written contract the three year statute of limitations has no application.

4. PUBLIC WATER SUPPLY. *Defective meter. Mode of computation.*

Where a water company contracted in writing with a consumer to furnish it water, payments to be made monthly, and in such contract there was a provision, that, if in any month the meter failed to correctly register the amount of water used, the amount used the month preceding and the month following the month in which the meter failed to register should be averaged, and the average taken to be the amount used during the month in which the meter failed to register, and the meter failed to register for fifty months. In such case the provision for the ascertainment of the amount of water used, did not furnish an exclusive basis for the proof of the amount furnished during the fifty months involved in the controversy, during which the meter was out of repair.

5. WATER. *Contract. Defective meter. Mode of computation.*

Where the meter registering the amount of water delivered to the consumer was out of repair for a period of fifty months and did not correctly register the amount of water which passed through it and was supplied to the consumer during this period, and the water company had furnished the consumer, on the first of each month, a statement of the amount due for the preceding month, which statement in every instance charged the consumer with the same amount of water and on each statement was the word "Estimated," and as a matter of fact the water company furnished the consumer water largely in excess of the amount charged, it was permissible for the water company as a matter of evidence, in estimating the amount actually used, to take the last known correct amount which passed through the meter in one month, and the amount which passed through the meter per month after it had been replaced by a correct meter and to average between these amounts for each of the fifty months during which the meter was out of order.

APPEAL from circuit court of Warren county.

HON. H. C. MOUNGER, Judge.

Suit by the Vicksburg Waterworks Company against the Yazoo & Mississippi Valley Railroad Company. From a judgment for the defendant, plaintiff appeals.

The fact are fully stated in the opinion of the court.

*J. C. Bryson,* for appellant.

As we understand the law a plea of accord and satisfaction must set up a new contract in reference to the settlement of a disputed account, and the new contract must be based on a good and valid consideration. *Canadian Fish Company, Ltd.,* v. *McShane* (Neb), 20 L. R. A. (N. S.) 785; 1 Cyc. 311; *McKeen* v. *Moorse,* 49 Fed. 253, 1 C. C. A. 237.

In the case at bar there was no dispute as to the amount due, because at the time the bills were made out and collected the plaintiff could not know that a larger sum was due to it. The meter, being out of repair and failing absolutely to register, the plaintiff was necessarily in total ignorance that a larger quantity of water was being consumed than it was billing against the defendant and collecting for. In the nature of the case there could be no meeting of the minds about a matter of which neither party had knowledge. The plea does not undertake to set up that there was any matter in dispute between the parties or that any compromise or new agreement was had, or that any concessions were made on either side. The facts stated in the plea are merely that the defendant paid all that the plaintiff demanded monthly. Such facts do not amount to a plea of accord and satisfaction even though it be so named. In other words the plea does not set up facts which constitute accord and satisfaction, and for that reason the demurrer to it should have been sustained.

We have not referred to any Mississippi decisions but we think the decisions of our court are equally as strong in our defense as those quoted above: *Burrus* v. *Gordon,* 57 Miss. 93; *Dewees* v. *Bostock Lumber Co.,* —— Miss. ——, 50 So. 865.

The grounds for estoppel set up by the plea are in substance as follows:

(a) That the plaintiff was bound under the terms of the contract not to permit the meter to remain out of

repair for more than one month and could not present estimated bills for more than that period consecutively, and that having failed to keep the meter in repair during a period of fifty months and having submitted estimated bills during all of said months it is estopped from now claiming that the defendant used more water than was shown by the said estimated bills rendered by it.

Are these averments sufficient to constitute an estoppel and preclude the plaintiff from recovering provided it can show as averred in its declaration that it actually furnished more water than was contained in its monthly estimates and paid for by appellee?

In Cyc. we find that estoppel may be, 1st, by record—16 Cyc. 684; 2d, by deed—16 Cyc. 685; 3d, by simple contract—16 Cyc. 719; 4th, by misrepresentation—16 Cyc. 722.

These are the only grounds of estoppel known to the law according to this authority. It will be observed that none of these grounds are set up in the plea in question. Certainly the plea does not set up a judgment or decree of any court, nor is any deed pleaded, nor is any contract averred.

The only possible ground, and the one upon which we suppose the appellee relies, is misrepresentation and yet no misrepresentation is set up in the plea. According to the plea estimated bills were made out monthly by the appellant and paid monthly by the appellee, but the bills on their face showed that they were estimates and that the meter was not read, hence there could be no misrepresentation. 16 Cyc. 726.

In the very nature of things it could not prejudice the defendant to collect for only a part of the water it was using.

The plea does not aver that the railroad company changed its position in any particular by the said estimated bills, nor does it aver that the railroad company was in any way misled to its injury by the company pre-

senting estimated bills. *Evans* v. *Miller,* 58 Miss. 120, 38 Am. Rep. 313.

In the case at bar the waterworks company was not aware at the time it was making out its monthly bills and collecting for monthly water service that the railroad company was taking more water than was being billed to it and paid for by it. As. in the case last cited the plaintiff was mistaken as to its right but the mistake, however, was without fraud or misrepresentation and the defendant did not in either case act on the mistake to his detriment. *Stockner* v. *Wilczinski,* 71 Miss. 340; *Railroad Company* v. *LeBlance,* 74 Miss. 626.

We submit that these cases sufficiently demonstrate that the plea of estoppel was demurrable and that the plaintiff's demurrer thereto should have been sustained.

*As to the statute of limitations.* The third plea filed herein sets up the three years statute of limitations and says by reason thereof the plaintiff ought not to recover, "because defendant says that the several supposed monthly items and charges set forth nor did any or either of them accrue to the plaintiff at any time within three years next before the commencement of this suit in manner and form as set forth in plaintiff's declaration. Therefore, this defendant says that the plaintiff is precluded from recovery of any and all said claims. All of these matters and things defendant is ready to verify."

It will be observed that the language of the plea does not state facts sufficient to put the case within the statutory requirements above quoted. It does not aver that the plaintiff's demand is upon an open account, or that it is not based upon a written contract. The plea does not take issue upon that point and for that reason admits the truth of the declaration that far, i. e., as to the written contract. For this failure to set up the requirements of the statute we submit that the plea is bad and that the demurrer thereto should have been sustained. *Washington* v. *Soria,* 73 Miss. 665.

*Mayes & Longstreet,* for appellee.

The decisive question of this case is whether or not the demurrer was rightfully extended back; and, therefore, whether the judgment rendered as a consequence of that action shall be affirmed or reversed. That in this view consideration of the action of the court with respect to the demurrers to the pleas of defendant is not material, and need not be considered. That even if this court should take on itself the unnecessary labor of particular examination of each demurrer and each plea, and express opinions with respect to the action of the court thereon, that still the determination of the decisive question on which the final judgment was rendered, would still remain for this honorable court to consider, and to dispose of.

It is our opinion that in view of this unquestionable conclusion, the court will not concern itself specially with the action on pleas and demurrers. But if we are in error in this view, and if the court shall conclude that it is material and proper to consider these demurrers and pleas, and to pass judgment on the action of the court with respect to same, we beg to submit to the court respectfully the following expression of views:

First, with respect to the plea of estoppel made by the defendant, we think that the facts of the case warrant the assertion of the principle of estoppel against the Vicksburg Waterworks Company. The contract between the Vicksburg Waterworks Company required the Vicksburg Waterworks Company to read its meter and to furnish each month a statement of water consumed. This statement was furnished purporting to show a correct reading of the meter as against the railroad company; and bills for a very large amount of water, to wit, five million gallons per month, were demanded and paid for.

This continued for a period of nearly fifty months; and now, at this late date, when it is impossible for either the Vicksburg Waterworks Company or the rail-

road company to show the fact of daily and monthly consumption, and when the Vicksburg Waterworks Company, by its own fault and laches, have rendered this showing impossible, to the great hurt of the railroad company, it is eminently proper that they should be held to be concluded by their own affirmative action; especially when, by every reasonable view, the court will be forced to the conclusion that the Vicksburg Waterworks Company, by its own fault, has put the railroad company in a position where it is likely to be subjected to wrong and loss, if the claims of the Vicksburg Waterworks Company are held to be technically legal.

Second, with respect to the plea of accord and satisfaction we beg to say that while technically the dealings between the Vicksburg Waterworks Company and the railroad company would not constitute an ordinary accord and satisfaction, under the general rule clearly announced by this honorable court in the case of *Cooper and Rock* v. *Y. & M. V. R. R. Co.*, 35 So. 162. At the same time, under the peculiar circumstances of this case, and especially under the written contract controlling between the parties, which made it the duty of the Vicksburg Waterworks Company to read the meter, and to submit statements therefor, which, by the very terms of the contract, were to become due and payable within fifteen days—then such demands and such payments did constitute, according to the spirit of the law, a full and fair settlement between the parties, which is technically known as an accord and satisfaction.

Third, with respect to the plea of the statute of limitations we beg to say that in our judgment the plea was a sound and sufficient plea to all monthly items in the account, which, according to the statements, had been contracted more than three years last past, and prior to the filing of the declaration and the institution of suit.

On this point, we beg specially to call the attention of the court to the provisions of the contract itself.

In the third clause of the contract, on page 15 of the transcript, it is provided that these monthly statements shall be submitted and "payments to be made monthly within fifteen days after presentation of bill therefor."

Now, the court will perceive that any and every monthly statement, by the very terms of the contract, was made due and payable within fifteen days after presentation of the monthly statement. This made each and every statement a separate and distinct item and account. It cannot be argued that an account in the form of the itemized statement, filed with the declaration in this cause, is a mutual and running account. Where an open account is an ordinary running account the whole account is presumed in law to become due when the last item of the account is due and payable. But in this instance, it was not a mutually running account, but a series of separate, individual, distinct and independent accounts, which the very written contract provides shall be separated into monthly payments, and shall become due and payable within fifteen days after presentation.

Undoubtedly, therefore, the statute of limitations began to run against each and every one of these accounts on and after the date the said monthly statements became due and payable.

Therefore, the plea of the statute of limitations was good on two grounds: first, without regard to the statute of Mississippi, and by the terms of the contract only, as explained above; secondly, by virtue of the provisions of section 3099 of the Code of Mississippi of 1906, which declares that actions on an open account or "stated account" shall be commenced within three years after the same became due and payable.

The rules with respect to stated accounts are modified by this statute of the state of Mississippi, and those monthly accounts between the Vicksburg Waterworks Company and the Yazoo & Mississippi Valley Railroad Company become "stated accounts," because by the

terms of the contract they are made stated accounts; because by that contract, they are separated into different and independent statements, with different dates of maturity.

"Where parties adjust accounts between themselves in the presence of both, and no objection is made to their correctness, they become accounts stated against the debtor." 2 Greenleaf Evidence, sec. 126; *Darlington* v. *Taylor,* 3 Greaves Cas. (Pa.) 195; *Knock* v. *Bonitz,* 4 Daley (N. Y.), 117.

"Circumstances may give the account the weight of accounts stated. Such are length of time, acquiescence, and the fact that the party has acted upon them to his injury." *Green* v. *Harris,* 11 R. I. 28; *Bottum* v. *Moore,* 13 Daley (N. Y.), 464; *Murphey* v. *Ross,* 7 N. Y. St. Rep. (Sup. Ct.) 182.

"Settled accounts are opened with reluctance." 1 Story Equity Jurisprudence, sec. 523; *Roberts* v. *Cotton,* 13 Ark. 609.

"It is not the policy of the law to disturb settlements made with deliberation and with tolerable fairness, more particularly where they have been acquiesced in for two or three years." *Wilde* v. *Jenkins,* 4 Paige (N. Y.), 481.

In this case, for over four years, the accounts required by the contract have been submitted monthly, and duly settled. And by the very terms of the contract they are made stated accounts; and by virtue of our statutory provisions, which changes the ordinary rule, the statute of limitations runs against stated accounts, just as against open accounts.

The court will percieve, therefore, that even if it were necessary, a very substantial argument could be preferred in support of the court's action in overruling the demurrers to the pleas. Some of these pleas might have been enlarged and strengthened by further technical averments; but on the whole, they raise the issues au-

thorized by legal authorities, and it certainly can be contended that if put in technical and precise form, they would have a sound defense, if supported by evidence.

But regardless of the sufficiency or insufficiency of the pleas, and without regard to the question of the correctness of the ruling of the court on the demurrers to the pleas, we respectfully contend that the whole suit, as presented by the declaration, is founded on an incorrect conception and interpretation of the contract, one not tenable in law, and, therefore, the action of the court in extending the demurrers back to the declaration was warranted.

COOK, J., delivered the opinion of the court.

The Vicksburg Waterworks Company instituted this suit against the Yazoo & Mississippi Valley Railroad Company in the circuit court of Warren county, averring by its declaration that the defendant railroad company was indebted to it in the sum of four thousand, two hundred and sixty-seven dollars and fifty cents, for water furnished by it to said railroad company within a period of fifty months. The declaration contains two counts, and the written contract between the two companies was filed as an exhibit thereto, in which contract appears the following clauses: "The party of the second part hereby agrees that it will take from the party of the first part all water required by it for use at the said tank and for distribution therefrom during the term of this agreement, and that for all water so used it will pay party of the first part six (6) cents per one thousand (1,000) gallons, payments to be made monthly within fifteen (15) days after presentation of bill therefor. If in any month, or part thereof, the meter shall fail to correctly register the amount of water used by the party of the second part, the amount of water used the month preceding and the month following the month in which such failure to register shall occur shall be averaged, and such

average shall be taken to be the amount of water used during the month in which the meter shall fail to register.''

The first count of the declaration averred that the meter registering the amount of water delivered to the railroad company was out of repair for a period of fifty months, and did not correctly register the amount of water which passed through it and was supplied to the defendant during this period; that the water company had furnished the railroad company, on the first of each month, a statement of the amount due for the preceding month, which statements in every instance charged the railroad company with five million gallons of water, and on each statement the word ''estimated'' and the letters ''E. and O. E.'' were indorsed. It is also stated by said declaration that the plaintiff had furnished to the defendant water largely in excess of the amount which had been charged to and paid for by the railroad company; and it further states that, inasmuch as the meter was defective and unreliable, plaintiff had taken the last known correct amount which had passed through the defective meter, which amounted to five million gallons, and the amount which passed through the meter after the same had been replaced by a meter correctly registering the water which amounted to seven million, eight hundred and forty-five thousand gallons, and demanded as the amount which the plaintiff was entitled to recover the average between these two amounts for the fifty months for which they had furnished water upon an incorrect and mistaken basis, relying upon the second clause of the contract above quoted for this basis of recovery. The second count in the declaration simply avers that plaintiff furnished to defendant, under the first clause of the contract above mentioned, three hundred and twenty-one million, one hundred and twenty-five thousand gallons of water which, at the contract price of six cents per one thousand gallons, aggregated the sum of nineteen thou-

sand, two hundred and sixty-seven dollars and fifty cents, of which sum the defendants had paid fifteen thousand dollars in fifty monthly payments of three hundred dollars, and demands judgment for the difference between the amounts furnished and the amount paid, to wit, the sum of four thousand, two hundred and sixty-seven dollars and fifty cents.

To this declaration the defendants pleaded the general issue and special pleas setting up accord and satisfaction, estoppel, and the three-year statute of limitation. Plaintiff demurred to the pleas, and the court carrying the demurrer back and applying same to the declaration, held that the declaration stated no cause of action. From this action of the court, plaintiff appeals.

We think it only necessary to discuss the averments of the declaration, as the trial court in opposing plaintiff's demurrer to the declaration held that no cause of action was made thereby. The issues raised by the pleas will necessarily become involved in our observations.

We gather from the declaration that the plaintiff and defendant are bound by the written contract which is made a part of the declaration, by the terms of which the defendant agreed to pay for all water furnished by plaintiff to defendant at the agreed price of six cents per thousand gallons. For the purposes of this opinion, we will assume that defendant does not deny that it has received more water than it has paid for, but does insist that when it paid the monthly bills presented by plaintiff, the mere presentation of the itemized bills and the acceptance of the amount claimed thereby was an agreed settlement of its dues to the city; but if this is not true, that the delay of plaintiff in failing to put in a correct meter estops it to now claim the right to reopen the matter for the purpose of demanding payment for the water furnished in excess of the amount stated in the monthly accounts. The mere negligence or lax business methods of the water company will not work an estoppel, unless

it can be shown that the railroad company was misled thereby to its injury. If it can be shown that both parties to the contract understood that the payment of the monthly bills was made and accepted as a full settlement of the true amount due, or in other words, if the parties, knowing that the meter was out of commission had agreed to estimate the amount due and accept the estimate as the true amount, in that event there would be an accord and satisfaction; otherwise, we can see no reason why the defendant should not pay for the water at the rate of six cents per thousand gallons, which it actually received.

The suit is predicated upon a written contract, and the three-year statute of limitation has no application to this sort of case. It is quite true that the clause of the contract providing for an ascertainment of the amount of water furnished for any particular month does not furnish an exclusive basis for the proof of the amount furnished during the fifty months involved in this controversy; and if such is the theory of the first count in the declaration, it is not maintainable. However, we do think the method adopted may be evidential upon the trial of the issue; but this court is not concerned with the difficulties which may embarrass the plaintiff in establishing its case, and only mean to say that any evidence reasonably tending to establish the averments of the declaration may be used for that purpose.

If the alleged facts set out in the declaration be established by competent evidence to the satisfaction of the jury, the plaintiff is entitled to recover. We do not wish to be understood as anticipating any defense which defendant may be pleased to make, and have only discussed the issues made by the pleas, treating the averments of the declaration as true for the purpose of promoting a final determination of the case upon its merits. We have not discussed the merits of the demurrer as applied to the special pleas, because the defendant may desire to

file amended pleas which will correctly raise the issues accorded to our views of the case.

*Reversed and remanded.*