## SIMS v. MILLER.

Opinion. relivered January 23, 1922.

1. LIMITATION OF ACTIONS—ACTION ON WRITTEN CONTRACT.—In an action on a written contract witnessed by correspondence, the five-years statute of limitation (Crawford & Moses' Dig., § 6955) applies, though an account is filed specifying the items on which the three-years statute (Id. § 6950) would have applied if the action had been brought on the account.

2. LIMITATION OF ACTIONS—STATUTE APPLICABLE—The statute of limitation applicable to a particular action is determined by the cause of action declared upon if the facts justify it.

3. LIMITATION OF ACTIONS—WHEN ACTION COMMENCED.—Under Crawford & Moses' Dig., § 1049, providing that the commence-ment of a civil action is "the filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon," delivery of the writ to the officer is an essential part of the issuance, but an action properly commenced arrests the statute of limitation, even though summons is not served until after the statutory period elapses.

4. LIMITATION OF ACTIONS—COMMENCEMENT OF ACTION IN PROPER COUNTY.—In the case of a transitory action, filing complaint and issuing summons in a county other than that of defendant's res-idence do not arrest the running of the statute until the writ is served, and when served it relates back to the date of the issu-ance of the writ; and, when such writ is not served, the subse-quent issuance of another writ and the service thereof consti-tutes the commencement of an action.

5. ABATEMENT AND REVIVAL—PENDENCY OF ANOTHER ACTION.—The mere filing of a complaint in one court while another action is

pending in another court of this State does not operate as a dismissal of the prior action; the pendency of a prior action being ground of demurrer if it appears on the face of the complaint, or of defense by answer if it does not so appear.

6.   JUDGMENT—PRIOR JUDGMENT AS BAR.—If more than one action between the same parties and with reference to the same subject-matter is pending, the first judgment rendered in either action bars the other action, regardless of priority in time of commencement.

7.   LIMITATION OF ACTIONS—NEW ACTION AFTER NONSUIT.—Where an action was commenced within time in the county of defendant's residence on a transitory cause of action, and later, while it was pending, a complaint was filed in another county on the same cause of action, and a writ was served on defendant after the prior action had been dismissed by the plaintiff, the second action was within Crawford & Moses' Dig., § 6969, providing that plaintiff may commence a new action within one year after nonsuit suffered.

8.   SALES—INSTRUCTION.—Where a seller of hay agreed that the buyer might sell the defective portion of a shipment of hay in the market at the best.price obtainable and credit same to seller's account, an instruction that if a portion of the hay was defective, the buyer was authorized to dispose of the hay at the best price obtainable and credit same to seller's account, and to recover the difference between the sales and the contract price, was not objectionable for failure to confine the buyer's right to so dispose of the hay to the defective portion.

9.   APPEAL AND ERROR—HARMLESS ERROR.—An abstract instruction which could not possibly have prejudiced the appellant is not ground for reversal.

10.  SET-OFF AND COUNTERCLAIM—JUDGMENT FOR COSTS.—Defendant should have been permitted to plead as a counterclaim the amount of costs adjudged to him in a former action on the same subject-matter brought in a different court and dismissed by plaintiffs.

Appeal from Pulaski Circuit Court, Third Division; *A. F. House,* Judge; affirmed with modification.

*G. W. Emerson* and *Frauenthal & Johnson,* for appellant.

The judgment for costs obtained by appellant against appellee in the Prairie Circuit Court growing out of the same cause of action should have been allowed on appellant's counterclaim. C. & M. Dig. §§ 1195 and 1197; 74 Ark. 224; 134 Ark. 311.

Appellee's suit, which was one on account, was barred by the three-year statute of limitations, the last payment on the account being on October 19, 1911, and the present suit being brought on May 31, 1916. 43 Ark. 275; 17 R. C. L. No. 171; 59 Am. Dec. 142; 60 Am. Dec. 253. The present suit was not protected by the suit filed in the Prairie Circuit Court on March 2, 1916, because that suit was still pending and not dismissed for more than five months after bringing of present suit. 73 S. W. 184. An action properly brought and voluntarily dismissed cannot be used to save a subsequent action from the bar of the statute of limitation. 103 N. E. 672; 8 Cranch. 462; 18 N. J. Law, 269; 42 Fed. 652; 23 Vt. 623; 101 Ia. 266; 22 N. W. 894; 130 Mass. 419.

Appellee did not sue on a written contract, but merely introduced a letter, and the five-year statute does not apply. In any event he is barred by the five-year statute, as such statute would begin to run from the date of the alleged breach of contract sued on. 132 Am. St. 737; 95 N. W. 901; 93 N. W. 137; 75 Am. Dec. 477, which date could not have been later than Oct. 26, 1911. The present action was commenced May 2, 1917, the date the alias summons was served, and not upon the filing of the complaint in Pulaski County, on May 31, 1916. The intervention of a term of court without suing out an alias works a discontinuance of the original service, and the bringing of the suit dates from the issuing of the alias. 53 N. C. 55; 19 N. C. 492; 22 N. W. 915; 81 N. W. 593; 108 N. W. 87. Here two terms were allowed to lapse before the alias was sued out. If, as here, the time constituting the bar be allowed to lapse between the suing out of one process until another, the mere bringing of the suit does not prevent the statute of limitation from running. 3 Bush (66 Ky.) 223. Summons must be issued with the intent that it be served before it will constitute the commencement of suit. 47 Ark. 121; 85 Fed. 827. Appellant was a non-resident of Pulaski County, and appellee knew service could not be had on him immediately.

The action was barred by the one-year non-suit statute. Repeated successive actions are not warranted or authorized by our nonsuit statute. C. & M. Dig., § 6969. Sec. 190 S. W. 458; 66 S. E. 186; 223 S. W. 734; 90 Pac. 764.

*W. C. Adamson* and *Mehaffy, Donham & Mehaffy,* for appellee.

Appellant's contention that the case was a suit on account is untenable, for the reason that the suit was not tried on that theory in the lower court. 101 Ark. 95. A binding contract of sale may be entered into by letters and telegrams. 95 Ark. 421, and this case falls within sec 6955, C. & M. Digest, and is not barred. The cause of action accrued Oct. 26, 1911, and the present suit was filed May 31, 1916. An action is commenced when the complaint is filed and a summons issued thereon. 104 Ark. 627. The time of service of summons is not regarded. 57 Ark. 459. A stipulation was entered into between the parties that when the suit was field in Pulaski County a summons was given the sheriff *for service* upon appellant. The suit in Prairie County having been dismissed, the Pulaski Circiut Court had jurisdiction to try the suit pending before it. 22 Ark. 103. Section 6969, C. & M. Dig., does not narrow the period of limitations but extends it. 93 Ark. 215; 107 Ark. 352.

McCULLOCH, C. J. This litigation grows out of transactions between the parties which began during the month of June, 1911, appellant residing at the town of Hazen, in Prairie County, Arkansas, and was there engaged in the business of selling and shipping hay, and appellees were engaged in business in Chicago, buying and selling hay. The communications between the parties which constitute the contract between them were conducted by letters and telegrams, and by that mode of communication appellant entered into an agreement to sell appellees 50 car-loads of hay of the best quality at a stipulated price, delivered on board cars at Hazen, consigned to appellees at Chicago. Appellant drew drafts

on appellees with bills of lading attached, which drafts were paid by appellees through regular banking channels. The shipments were made from time to time during the months of July and August, 1911, at the rate of about six carloads per week. When the first car of hay was received by appellees at Chicago and inspected, they notified appellant that it was in damaged condition and not of the quality specified in the contract, and they made a proposal to appellant in a letter that they would unload the hay and handle the same, "deducting from the proceeds the amount of profits that we have in the original deal," and that they would, in like manner, have each car inspected. Another letter was written on a later date reminding appellant of his failure to respond to the proposal and asking for a reply by wire indicating whether it would be satisfactory to appellant for appellees "to handle the hay as suggested in our letter." Appellant replied by telegraphic message directing appellees to handle the same as indicated in letter. Afterwards, appellant also replied by letter as follows: "We have your favor of the 26th inst. referring to the contract which we have with you. We expect you to handle all hay shipped you until contract is filled, when we will have a final settlement." This was the letter referred to in the telegram. Pursuant to this letter, appellees kept an account of the damaged hay, and they claim that appellant owes them the sum of $2,548.25 for the difference between the contract price of the hay and the price it brought on sale in the market at Chicago.

This is an action instituted in the circuit court of Pulaski County by appellees against appellant to recover the amount mentioned above. It was set forth, in substance, in the complaint that appellant contracted in writing with appellees to sell 50 carloads of hay at the stipulated price; that a large quantity of the hay shipped by appellant was in damaged condition and unfit for sale and was not of the quality specified, and that upon appellant being notified of the condition of the hay he

agreed that appellees might dispose of the same at the best price obtainable and credit the amount of the proceeds to appellant's account against the amount paid him on the drafts drawn with bills of lading attached. It is alleged in the complaint that appellees sold the damaged hay at the best obtainable market price and credited the same to appellant's account with them, leaving a balance of indebtedness on the part of appellant in the sum of $2,548.25, recovery of which is sought, with interest and costs.

Appellant filed a motion to require appellees to make the complaint more definite and certain by stating whether or not the contract was oral or in writing, and, if in writing, that appellees be required to file a copy. Appellees filed an amended complaint setting forth the statement that the contract between the parties was in writing, but consisted of numerous letters and telegrams between the parties, copies of which were in possession of appellant, and that some of the originals were in his possession, and that it was impracticable to file all of the correspondence with the complaint.

The case was tried before a jury, and the trial resulted in a verdict in favor of appellees for the sum of $2,500.

Appellant pleaded, in addition to other defenses, the statute of limitation in bar of the right of appellees to recover, and it is insisted here that according to the undisputed evidence the plea should have been sustained.

The question first arising is which one of the statutes of limitation is applicable to this case, whether it is the one which provides that all actions founded on contract not in writing shall be commenced within three years after the cause of action shall accrue (Crawford & Moses' Digest, § 6950), or the one which provides that action on written instruments shall be commenced within five years after the cause of action shall accrue. The complaint sets forth a written contract as the basis

of the cause of action. The account is exhibited as a specification or bill of particulars of the items constituting the amount due under the contract. The various written communications between the parties, when read together, constituted a written contract, and they contained all of the terms of the sale. *Mann* v. *Urquhart,* 89 Ark. 239; *Emerson* v. *Stevens Grocer Co.* 95 Ark. 421. Our conclusion is that the five-year statute applies, for the action is one based on a written contract complete in its terms, the account filed being a mere specification of the items. *Friend* v. *Smith Gin Co.,* 59 Ark. 86; *Railway Co.* v. *James,* 78 Ark. 490; *Vicksburg Waterworks Co.* v. *Yazoo & M. V. R. Co.,* 102 Miss. 504, 59 So. 825. The right of action might have been based upon the account, and the various written communications between the parties could have been used as evidence to establish the right to recover. In that event the action would be one upon account and governed by the three-year statute of limitation; but the right of action could be, and has been, based on the written contract, which makes the five-year statute applicable. It is a matter of pleading, and a party is bound by his pleadings in designating the particular right of action he declares upon and is entitled to the protection afforded by the statute of limitations applicable to the cause of action declared upon if the facts justify it. *American Mortgage Co. of Scotland* v. *Milam,* 64 Ark. 305; *American Freehold Land Mortgage Co.* v. *McManus,* 68 Ark. 263.

The evidence is sufficient to establish the claim of appellees under the written contract, and the right of appellees to recover the money sued for rests upon the express contract set forth in the written communications between the parties, whereby it was agreed that appellees should sell the damaged hay and credit the proceeds on appellant's account with appellees for the amount paid out on the drafts.

The parties agree that the cause of action accrued on October 26, 1911, when appellant, after the shipment of hay had been completed and all the damaged hay had been sold, refused to pay the balance claimed by appellees. The right of action was therefore barred on October 26, 1916, unless kept alive by the timely commencement of an action or actions. Appellee's first action against appellant on this cause was instituted in the Prairie County Circuit Court on October 1, 1913, and that action was voluntarily dimissed by appellees on March 19, 1915. Appellees next instituted action on the same cause in the Prairie Circuit Court on March 2, 1916, and dismissed it on September 18, 1916. Appellees filed their complaint in the present action in the Pulaski Circuit Court on May 31, 1916, and caused summons to issue and be placed in the hands of the sheriff for service, but the writ was never served. Appellees caused an alias writ to be issued on May 3, 1917, and it was served on that date on appellant, who was found in this county. The last action in the Prairie Circuit Court was commenced within the statutory period, and the contention of counsel for appellees is that the action brought in Pulaski County is protected against the statute bar by force of a statute which provides that if an action shall ''be commenced with the time respectively prescribed in this act, and the plaintiff therein suffer a nonsuit * * * * such plaintiff may commence a new action within one year after such nonsuit suffered * * *.'' Crawford & Moses' Digest, § 6969. On the other hand, it is insisted by counsel for appellant that the present action is not protected from the application of the statute of limitation because it was commenced before the action in Prairie County was dismissed, and they invoke the rule announced by this court in *Hill* v. *Pipkins,* 72 Ark. 549, as sustaining their contention. In that case, however, the first action was never dismissed, but final judgment was rendered in it, and the second action— the one brought to this court—was commenced and pros-

ecuted without dismissing the former action. Our statute provides that the commencement of a civil action is the "filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon." Crawford & Moses' Digest, § 1049. The delivery of the writ to an officer is an essential part of the issuance of the writ, and until this is done an action is not properly commenced. *Hallum* v. *Dickinson*, 47 Ark. 120. An action properly commenced in this manner arrests the statute of limitation, even though summons is not served until after the statutory period elapses. In order, however, for it to have that effect, the action must be one properly commenced, if it be a transitory action, in the county where the defendant is served with summons or may be served. Such an action instituted in a county other than that of the residence of the defendant does not arrest the statute until the writ is served, and when served it relates back to the date of the issuance of the writ.

The term "proper county," used in the statute referred to above, has been defined to mean the county of defendant's residence or where the defendant may be served with process. 6 Words & Phrases, 5689, 5690. Where such action is brought in a county other than that of defendant's residence, if the writ is not served, its issuance and placing in the hands of an officer does not constitute the commencement of an action so as to arrest the statute of limitation. The subsequent issuance of another writ and the service thereof constitutes a new action. *Ethridge* v. *Woodley*, 83 N. C. 11; *Wolfenden* v. *Barry*, 22 N. W. (Iowa) 915; *Richardson* v. *Turner*, 81 N. W. (Iowa) 593; *Collin* v. *McGregor*, 108 N. W. (Mich.) 87; *Hume* v. *Dickinson*, 4 Bibb (Ky.) 276; *Hotchkiss* v. *Aukerman*, 90 N. W. (Neb.) 949; *Reliance Trust Co.* v. *Atherston*, 93 N. W. (Neb.) 150.

The filing of the complaint in the Pulaski Circuit Court did not operate as a dismissal of the action then pending in the Prairie Circuit Court. The pendency of

an action for the same cause in another court of this State is made ground for demurrer (Crawford & Moses' Digest, § 1189, third subdivision), and the fact of pendency of another action must be pleaded by demurrer, if it appears on the face of the complaint, or by answer if it does not so appear; otherwise it is waived. *Kastor* v. *Elliott,* 77 Ark. 148; Bliss on Code of Pleading, (3rd. Ed.) § 410. If more than one action between the same parties and with reference to the same subject-matter is pending, the first judgment rendered in either action bars the other action, regardless of priority in time of commencement. *Church* v. *Gallic,* 76 Ark. 423.

Appellant was not called to plead to the complaint in this action until the alias writ was served on him, and at that time the action in Prairie County had been dismissed. It was held by the Supreme Court of Iowa, under a statute similar to our own, that where there are two actions pending between the same parties upon the same cause of action, and there is a plea filed on that ground in one of the actions, an abatement may be prevented by dismissal of the other action before the court has determined the sufficiency of the plea. The court in that case said:

"The useless form and ceremony of requiring a party to go out at one door and come in at another, or, rather, come in at the same door in all due form for the simple reason that he had come in too soon, or not in the usual or ordinary way, is against the spirit and policy of the Code; and, if the error is corrected when it is called to the party's attention, there is no sense or reason in his marching out and then marching back again. The other party obtains no substantial benefit if he be so required. Of course we do not hold that two actions for the same thing, and by and against the same parties, may be pending at the same time one of them is being tried; but what we do hold is that, if one of them has been dismissed at the time the matter pleaded in

abatement comes before the court for determination, it is sufficient. Indeed, we go one step further: If one action has been dismissed before the court has determined the sufficiency of the plea, it is sufficient to prevent the abatement of the action." *Rush* v. *Frost,* 49 Iowa 183.

It is thus seen that the service on appellant of an alias summons in the present action was tantamount to the commencement of a new action—this action—even though the complaint had previously been filed during the pendency of the action in the Prairie Circuit Court, and, as the action in that court had been dismissed within one year prior to the issuance and service of the process in this case, the statute of limitation does not bar appellees' cause of action. The action was commenced in the Prairie Circuit Court within the statutory period of limitation, and the present action was commenced within one year after that action was dismissed, hence the latter is not barred. *Love* v. *Cahn,* 93 Ark. 215; *Dressler* v. *Carpenter,* 107 Ark. 353.

Objections were made to the instructions given by the court at the instance of appellees, and the rulings of the court in regard thereto are assigned as error. The first instruction stated, in substance, that if it was found that a portion of the hay shipped by appellant to appellees "was, at the time it was loaded at Hazen, not such hay as contracted for," appellees could not dispose of it except at a loss, and that, after advising appellant of the condition of the hay and asking for instructions, appellant instructed appellees to dispose of the hay at the best price obtainable and credit same to appellant's account, and that appellees in pursuance to such instructions disposed of the hay at the market price, they would be entitled to recover the difference between the contract price of the hay and the net amount received on the sale of it in the market. The ground of objection to this instruction is that it does not confine the right of appellees to dispose of the hay to the

particular portion, if any, which was not of the quality specified in the contract at the time of the delivery at Hazen. In the first place, we think that this criticism of the instruction is unfounded, for it only submitted to the jury for consideration the question in regard to the hay not being up to the standard of the contract, and no reference is made to any other portion of the hay. Moreover, the undisputed evidence shows that complaint was made by appellees when the first carload of hay was received, and that appellant then authorized appellees to sell the damaged hay on the market and to credit his account with the price received, and this direction applied to all subsequent shipments under the contract. That is a fair and reasonable interpretation of the language of appellant's letter. The language of the instruction could not have been understood by the jury to have had reference to any other portion of the hay except that which did not come up to the standard specified in the contract, and we think that this objection to the instruction was unfounded.

The objection to the next instruction is equally unfounded, for it correctly stated the measure of appellees' recovery to be the difference between the contract price of the hay and the net amount received on re-sale. This was within the letter of the contract between the parties.

Objection was made to the following instruction:

"You are instructed that, while delivery to the railroad company was delivery to the plaintiff, yet this was only for the purpose of transportation, and it did not give the railroad company the right to accept or reject the hay, but the plaintiffs had the right to inspect the hay when it arrived in Chicago to determine whether or not said hay at the time it was shipped was according to contract."

The point of this instruction is that the appellees had the right to inspect the hay on its arrival at destination for the purpose of determining whether the qual-

ity at the time of shipment was according to contract. They undoubtedly had the right to inspect under these circumstances (*American Hardwood Lbr. Co.* v. *Milliken-James Hardwood Lbr. Co.,* 140 Ark. 544), but in this instance the contract, as evidenced by the correspondence, expressly gave appellees that right. They did, in fact, inspect the hay, and we can scarcely see the pertinency of this instruction. It certainly could not have prejudiced appellant's case in any way, as the right of recovery was made dependent upon proof that the hay was not of the quality specified in the contract at the time it was shipped. This was made clear and emphatic in the instructions given by the court at the request of appellant. That part of the instruction which told the jury that the delivery of the hay to the railroad company was merely for the purpose of transportation and did not give the company the right to accept or reject the hay, was a correct statement, and was merely the introductory portion of that part which told the jury that appellees had the right to inspect after the hay had arrived at destination. It was likewise not pertinent to the issues presented, but it could not possibly have been in anywise prejudicial.

Every phase of the case was covered by the instructions given by the court at the instance of appellees and appellant, and there was no error in refusing certain instructions requested by appellant.

The evidence was, as before stated, sufficient to sustain the vedict.

Appellant pleaded, as a counterclaim, the amount of costs adjudged to him in the Prairie Circuit Court on dismissal of the action pending in that court. This claim, with interest thereon, amounted to the sum of $242.62, but the court sustained a demurrer to this cross-complaint and dismissed it. Counsel for appellees have not attempted to defend the rulings of the court in that regard, and we perceive no reason why appellant should not have been permitted to plead this counterclaim. It

was in the form of a judgment rendered in a court of competent jurisdiction and was available to appellant for the purpose of reducing the judgment against him in this case. The judgment of the circuit court will therefore be modified by crediting thereon the amount of appèllant's counterclaim as of the date of the rendition of the judgment below, and, as thus modified, the judgment will be affirmed. It is so ordered.