**YUDIN v. CARROLL et al.**

Civil Action No. 89.

District Court, W. D. Arkansas,
Hot Springs Division.

Dec. 2, 1944.

Fred A. Isgrig, of Little Rock, Ark., for plaintiff.

Richard M. Ryan and A. T. Davies, both of Hot Springs, Ark., for defendants.

MILLER, District Judge.

On October 9, 1944, the defendants, Frank J. Carroll and Gilbert H. Wootten, executors of the estate of Charles A. Rockafellow, deceased, who are the only defendants that have been served with summons, filed their motion to dismiss the alleged cause of action.

Counsel for plaintiff and the defendants asked permission to file written briefs and arguments on the questions presented which permission was granted and the briefs and arguments were duly filed and have been carefully considered by the court.

The allegations of the complaint will be referred to in the consideration and disposal of the questions now before the court.

The motion to dismiss is authorized under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and alleges, (1) the complaint shows upon its face that the alleged cause of action is barred by the statute of limitations; (2) if the alleged cause of action is not barred by limitations that the remedy must be pursued in the Probate Court of Garland County, Arkansas; (3) the complaint shows on its face that the alleged cause of action accrued July 13, 1934, and that Charles A. Rockafellow died in Garland County, Arkansas, on August 24, 1938, and that the same was barred by limitations at the time of the death of Rockafellow and did not survive against the estate of the said Rockafellow; (4) the alleged cause is barred by limitations because of the failure of plaintiff to commence the present action within one year from March 20, 1942, the date of the non suit of the first action commenced by plaintiff.

The defendants have also filed a motion to strike the brief, points and authorities and affidavits of plaintiff, Yudin, and Benj. F. Endres and copy of judgment of Superior Court of State of California for Los Angeles County, which motion was overruled on November 13, 1944.

Subsequent to the overruling of the motion to strike the defendants filed the affidavits of Judge Calvin T. Cotham, Louie Bloom and James R. Campbell, which in effect controvert certain of the statements contained in the affidavit of the plaintiff, Yudin.

A motion to dismiss now performs the office of the general demurrer under the former practice. Under Rule 7(c), supra, demurrers, pleas and exceptions for insufficiency of a complaint cannot be used, and a "speaking motion" to dismiss may be utilized to present the defenses enumerated in Rule 12(b), supra. Affidavits, depositions and other documentary proof may be utilized when the movant seeks a dismissal of the case upon any of the first five defenses set forth in Rule 12(b), supra. The very nature of those defenses is such as to admit of proof by ex parte statements in most instances. Moore's Federal Procedure, Vol. 1, pages 646, 647 and appendix. However the court should never grant a motion presenting any of the said defenses if any material fact is disputed by counter affidavits, depositions or documents. Where the enumerated sixth defense "failure to state a claim upon which relief can be granted" is relied upon the court should determine the motion upon the allegations of the complaint and undisputed facts as they appear from the pleadings, orders and records of the case. First Nat. Bank of Wellston v. Conway Road Estates Co., 8 Cir., 94 F.2d 736.

In Cohen v. United States, 8 Cir., 129 F. 2d 733, 736, the court said:

"Although the court made findings of fact and conclusions of law, the only facts which the court could properly have con-

sidered were those appearing in the complaint, supplemented by such facts as the court judicially knew. While the court must accept as true all well pleaded facts, the motion does not admit facts which the court will take judicial notice are not true, nor does the rule apply to legally impossible facts, nor to facts inadmissible in evidence, nor to facts which appear by a record or document included in the pleading to be unfounded. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111; Polk Co. v. Glover, 305 U.S. 5, 59 S.Ct. 15, 83 L.Ed. 6; Cooper v. O'Connor, 71 App.D.C. 6, 107 F.2d 207, 209."

■ Turning now to the consideration and determination of the motion to dismiss, the record and facts of which the court takes judicial notice disclose:

That on February 7, 1940, the plaintiff, S. M. Yudin, filed in the District Court of the United States, Eastern District of Arkansas, Little Rock Division, a suit against the defendants substantially making the same allegations of fact as are contained in the present complaint. That cause was transferred to the Western District of Arkansas, Hot Springs Division, upon the creation of the Hot Springs Division of the Western District of Arkansas. A motion to dismiss that case was filed by the defendants, and on March 20, 1942, the plaintiff was permitted to take a non suit.

On March 13, 1943, the plaintiff mailed to the clerk of the court the present complaint, together with post-office money order in the sum of $10, with the request that the complaint be filed, summons issued and sent to him at Odessa, Texas. The clerk of the court received the complaint and the letter on March 17, 1943, and on the same date wrote the plaintiff at Box 83, Odessa, Texas, and advised him that the filing of the complaint and issuance of summons was withheld because of the rule of the court which required a deposit of $20 upon the filing of a complaint. The clerk also advised plaintiff that the rules of the court required that a resident counsel be selected by him, and that the Federal Rules of Civil Procedure provided that summons be served by a United States Marshal or deputy, unless an order is made by the court appointing some other person specially for that purpose, and that it was necessary that a copy of the complaint accompany each copy of the summons for service upon each of the defendants named in the complaint.

The plaintiff did not reply to the letter of the clerk until sometime in April 1943, when he sent an additional $10 to the clerk to complete payment of the deposit required upon the filing of a complaint. The plaintiff further advised the clerk in that letter that he was familiar with the Rules of Civil Procedure providing that summons should be served only by a United States Marshal or deputy, unless an order is made by the court appointing some other person for that purpose, and further stated: "But I see nothing in this rule that prohibits the summons being delivered to the plaintiff, and the plaintiff, having the summons and a copy of the complaint in his possession, can then make his arrangements with the United States Marshal or a deputy to serve the defendant when he desires to do so."

He further advised the clerk that he had written the presiding judge and forwarded a petition for an order nunc pro tunc permitting the clerk to file the complaint as of March 17, 1943.

The petition for nunc pro tunc order was filed on May 5, 1943, and attached to the petition was a copy of the correspondence between the plaintiff and the clerk above referred to.

On May 5, 1943, the court entered an order, the material parts of which are as follows:

"It is hereby ordered that the complaint heretofore sent to the clerk of this court as referred to in said petition (petition for nunc pro tunc order) be filed by said clerk as of March 17, 1943, nunc pro tunc, and said clerk is hereby directed to file said complaint and to issue summons thereon with the same force and effect as if said complaint had in truth and in fact been filed on said 17th day of March 1943."

In accordance with the order the clerk filed the complaint on May 5, 1943, as of March 17, 1943, and issued summons dated May 5, 1943. The summons and all copies thereof were sent to the plaintiff in accordance with his request at Box 84, Odessa, Texas, on the date of issue.

On September 6, 1943, the court convened at Hot Springs for the purpose of setting the trial calendar for the regular September term which convened on September 20, 1943. On that date the judge of the court received a telegram from the plaintiff asking that the case be passed and on that date the court entered the following order:

"This September 6, 1943, the above entitled case is reached on call for the purpose of setting the Hot Springs Division trial docket for the September term which convenes on Monday, September 20, 1943, and the plaintiff comes not, although due notice was given him by the clerk. However, a telegram from the plaintiff addressed to the judge of this court, requesting that the case be passed, is received and filed. It appearing to the court that summons, with eight copies for service, was issued on May 5, 1943, and mailed to the plaintiff at his request, and that no return of the summons has been made.

"It is ordered by the court that this case be and is hereby passed until Monday, September 20, 1943, and that the clerk of this court be and is hereby directed to notify the plaintiff by mail that this case will be dismissed on September 20, 1943, unless service of summons is made and steps taken for trial by that date."

On September 20, 1943, the judge of the court received another telegram from the plaintiff asking that the case be continued, which request was granted and the cause was continued until the first day of the March 1944 term.

On the first day of the March 1944 term, the plaintiff appeared by his attorney, Avery M. Blount, and asked that the case be continued, and the cause was again continued by the court upon the assurance of the plaintiff, through his attorney, that summons would be served and diligent action be taken for the trial of the cause.

On September 4, 1944, the court was again in session in the Hot Springs Division for the purpose of setting the trial docket for the regular September 1944 term. At that time no action of any kind had been taken by the plaintiff and summons had not been returned or served upon any defendant and the court entered another order directing the clerk to notify the plaintiff that the case would be dropped from the docket if he did not take action preparatory to trying the case during the term beginning Monday, September 18, 1944.

On Monday, September 18, 1944, the plaintiff appeared by his attorney, Fred A. Isgrig, and filed a written motion asking that the cause be continued. As one of the grounds for continuance the plaintiff alleged in his motion that the clerk in issuing the summons on May 5, 1943, through error directed the summons to be served upon the plaintiff himself and not upon the defendants and that in that form the summons was sent to the plaintiff and that the plaintiff was wholly unfamiliar with civil procedure and knew nothing about whether the summons was in proper form and did not know what to do with same; that because of said error in the summons service had not been had upon the defendants; that the plaintiff had been detained in Texas on account of legal business and because of ill health and was unable to come to Little Rock until the 15th day of September 1944 for the purpose of employing counsel.

The motion for continuance was sworn to by the plaintiff, and notwithstanding the false statements made in the motion, the court entered another order continuing the cause and allowed plaintiff thirty days to obtain service of summons upon the defendants.

The summons that was issued by the clerk on May 5, 1943, was in due form and was the identical summons that was delivered to the Marshal by the plaintiff on October 3, 1944, and served upon the defendants, Frank J. Carroll and Gilbert H. Wootten, executors on October 4, 1944.

It is contended by defendants that the present suit was not commenced within one year after the non suit on March 20, 1942.

Section 8947 of Pope's Digest of the Statutes of Arkansas, relating to the commencement of a new suit after a non suit has been ordered, provides:

"If any action shall be commenced within the time respectively prescribed in this act (General Statute of Limitations), and the plaintiff therein suffer a nonsuit * * * such plaintiff may commence a new action within one year after such nonsuit * * *."

This statute is intended to extend rather than abridge the general statute of limitations, so that if the portion of the limitation period remaining after the non suit is greater than the period allowed by the saving clause, the plaintiff will not be restricted to the one year period of the saving clause in bringing a new action. Love v. Cahn, 93 Ark. 215, 220; 124 S.W. 259; Williford v. Williford, 102 Ark. 65, 143 S.W. 132; Dressler v. Carpenter, 107 Ark. 353, 155 S.W. 108.

Therefore it is necessary to determine when the bar of the general statute of limitations became effective, and this must be determined by applying the applicable stat-

ute to the facts disclosed by the complaint and the record.

In his complaint the plaintiff alleges that prior to July 13, 1934, he was a guest at the hotel of Charles A. Rockafellow in Hot Springs, Arkansas; that he advised the said Rockafellow that he had possession of a substantial sum of money which he was not using and that Rockafellow advised him that Boise Heed and Edward F. Lohr, whom he represented were his friends and business associates, were in need of a large amount of cash and that they (Heed and Lohr) would be willing to pay a valuable consideration for the use of said money and that if he would make the loan that he, Rockafellow, would request his attorney to prepare the papers and protect plaintiff's interest; that he went to a bank accompanied by Heed and Lohr and obtained $22,000 in cash which he placed in one of his pockets and started to return to the hotel with Heed and Lohr to meet Rockafellow and the attorney where the papers were to be executed and the money delivered to Heed and Lohr; that upon their arrival at the rear door of the Rockafellow Hotel the said Heed and Lohr with threats of violence and at the point of guns forced plaintiff into a waiting automobile and transported him to a hotel room in the city of Little Rock, Arkansas, where the said Heed and Lohr with force and violence robbed him of the money; that the said Rockafellow, Heed and Lohr had conspired to rob the plaintiff and that the robbery was perpetrated as a result of and in accordance with the conspiracy, but that at the time he did not know of the said Rockafellow's part in the conspiracy; that he did not ascertain the true names of Heed and Lohr until November 2, 1940, and that during all of said time the said Rockafellow concealed the true names and identities of the said Heed and Lohr.

The complaint also contains the following allegation:

"Plaintiff further alleges that during the lifetime of the said Charles A. Rockafellow plaintiff made demand upon him for the return of said money, and that at one time said Rockafellow offered plaintiff the sum of $5,000.00 in full settlement of plaintiff's said claim, which offer plaintiff refused."

Judgment is asked against the defendant executors of the will of Rockafellow for the sum of $22,000 with interest at six per centum per annum from July 13, 1934.

It is admitted that plaintiff was robbed by Heed and Lohr on July 13, 1934; that Rockafellow died August 24, 1938; that the defendants were appointed executors under his will on September 8, 1938; that on February 24, 1939, plaintiff filed his claim with the defendant executors who disallowed it on same date; that plaintiff at no time presented the claim to the Probate Court of Garland County, Arkansas, for allowance; that the first action in any court was the filing of the suit by plaintiff in the District Court of the United States for the Eastern District of Arkansas, Little Rock Division on February 7, 1940; that said suit was dismissed by plaintiff on March 20, 1942.

The suit being based upon the alleged fraud of the deceased, Rockafellow, the applicable statute of limitations is Section 8938 of Pope's Digest of the Statutes of Arkansas. Kahn v. Hardy, 201 Ark. 252–261, 262, 144 S.W.2d 725. That statute provides that all actions not included in other provisions of the general Statute of Limitations "shall be commenced within five years after the cause of action shall have accrued."

The plaintiff contends that the action was commenced within five years after the discovery of the alleged fraud on the part of Rockafellow.

Section 8952 of Pope's Digest, supra, provides that if any person by "any other improper act of his own, prevent the commencement of any action in this act specified, such action may be commenced within the times respectively limited, after the commencement of such action shall have ceased to be so prevented."

Fraud suspends the running of the statute and such suspension is not arrested until the party having the right of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. Delay in commencing an action is excusable where it was induced by the adverse party. City National Bank v. Sternberg, 195 Ark. 503–512, 513, 114 S.W. 2d 39, and cases cited therein.

As heretofore shown, the plaintiff alleges in his complaint that he made demand upon Rockafellow prior to his death for the repayment of the sum of money that had been taken from him by Heed and Lohr, but that Rockafellow refused the demand. The plaintiff must have had some knowledge and information which caused

798

him to believe Rockafellow was a party to the fraud. That information was acquired prior to August 24, 1938, the date of the death of Rockafellow, but the exact date of the demand does not appear. However, plaintiff had definite information that Rockafellow was involved on February 24, 1939, when he filed a claim for the money with the defendant executors. In view of this action on the part of the plaintiff he cannot contend now that he had not discovered the alleged fraud on February 24, 1939. The general statute of limitations began running not later than the date the verified claim was filed and the claim was barred on February 24, 1944, if not prior thereto. The plaintiff had until February 24, 1944 to commence the present suit. Thus, the ultimate question to be decided is whether the suit was commenced on or prior to February 24, 1944.

■ The jurisdiction of the court is invoked by plaintiff on the ground of diversity of citizenship. He being a citizen and resident of Texas and the defendants being citizens and residents of Arkansas. Therefore the law of Arkansas governs all questions affecting substantive rights. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

■ A citizen has the right to avail himself of the defense afforded by a statute of limitations. 34 Am.Jur. page 23, Sec. 13, and page 37, Section 33. If the Supreme Court of the United States had the power to make rules of procedure defining what constitutes the commencement of a suit within the meaning of a State statute of limitations, it did not do so by the adoption of Rules 3 and 4 of the Federal Rules of Civil Procedure. The enabling Act, 28 U.S.C.A. § 723b, provides that: "Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant."

■ Under the law of Arkansas when was the suit commenced?

Section 1251 of Pope's Digest of the Statutes of Arkansas, which was formerly Section 1049 of Crawford & Moses Digest, provides:

"A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon."

In Sims v. Miller, 151 Ark. 377–385, 236 S.W. 828, 831, the court said:

"Our statute provides that the commencement of a civil action is the 'filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon.' Crawford & Moses' Digest, § 1049. The delivery of the writ to an officer is an essential part of the issuance of the writ, and until this is done an action is not properly commenced. Hallum v. Dickinson, 47 Ark. 120, 14 S.W. 477." See, also, Swartz v. Drinker, 192 Ark. 198–200, 90 S.W.2d 483, and Peace v. Tippett, 195 Ark. 799–801, 114 S.W.2d 461, 462.

In Peace v. Tippett, supra, the court after quoting the language set forth above of Sims v. Miller, supra, said:

"In the instant case, although the summons was issued in form, it was delivered to an attorney for appellees, who retained it for almost fifteen months. This conduct negatived an intention that the summons should be served in a timely manner. Suit was not commenced when the summons was written, signed, and delivered to the attorney."

It is not necessary to decide whether the order of the court made May 5, 1943, upon the petition of the plaintiff directing the clerk to file the complaint as of March 17, 1943, was valid because at that time the commencement of the suit was not barred by the general statute of limitations. The clerk issued the summons on May 5, 1943, and delivered it and all copies to the plaintiff at and because of his insistence. The plaintiff retained the summons until October 3, 1944, before delivering it for service to the Marshal. This was long after the expiration of one year from March 20, 1942, the time allowed by Section 8947, Pope's Digest, supra, within which to commence a suit after non suit, and for a period of seven months and nine days after the cause of action was barred by the general statute of limitations. The defendants were at all times residing in the city of Hot Springs, Arkansas.

Therefore, under the law of Arkansas the plaintiff did not commence the instant suit until October 3, 1944, and at that time the suit was barred by the statute of limitations.

■ A consideration of Rules 3 and 4 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, leads to the same conclusion. Rule 3 pro-

vides that the first step in an action is the filing of a complaint. That step is to be followed forthwith by issuance of a summons and its delivery for service to the Marshal or to a person specially appointed to serve it. The requirement of Rule 4(a) that the summons be delivered for service to the Marshal serves a salutary purpose. Unless both provisions are read and considered together substantive rights of persons may be seriously affected without their knowledge that a complaint has been filed in the office of the clerk.

The plaintiff in one of his letters to the clerk insisted that the summons be delivered to him and said, "the plaintiff having the summons and a copy of the complaint in his possession, can then make his arrangements with the United States Marshal or a deputy to serve the defendants when he desires to do so."

In the case of Linn & Lane Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 441, 59 L.Ed. 725, the court said:

"The bills were filed and subpœnas were taken out and delivered to the marshal for service before the statute had run, reasonable diligence was shown in getting service, and therefore the rights of the United States against all the patents were saved. For when so followed up, the rule is pretty well established that the statute is interrupted by the filing of the bill. Coppin v. Gray, 1 Young & C.Ch.Cas. 205, 207, 11 L.J.Ch.N.S. 105, 6 Jur. 512; Purcell v. Blennerhassett, 3 Jones & La T. 24, 45, 9 Ir. Eq.Rep. 108; Forster v. Thompson, 4 Drury & War. 303, 318, 2 Connor & L. 568, 6 Ir.Eq.Rep. 168; Hele v. [Lord] Bexley, 20 Beav. 127; Hayden v. Bucklin, 9 Paige, N.Y., 512; Aston v. Galloway, 38 N.C. 126; Dilworth v. Mayfield, 36 Miss. 40, 52; United States v. American Lumber Co. [9 Cir.], 85 F. 827, 830; United States v. Miller, C.C., 164 F. 444."

In Isaacks v. Jeffers, 10 Cir., 144 F.2d 26, 28, the court said:

"We are of the opinion that since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, we must now look to Rules 3 and 4 to determine when the action was commenced. Rule 3 provides that 'a civil action is commenced by filing a complaint with the court.' Rule 4 provides that: 'Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants.' Under these rules we think the action was commenced and the running of the statute interrupted by the filing of the complaint, although the process was not actually served until slightly more than sixty days after the expiration of four years from the accrual of the action."

In the Jeffers case, supra, the summons was forthwith issued and delivered for service to the Marshal before the bar of the statute of limitations had attached, but the court correctly held that a compliance with the provisions of Rule 4(a) was a necessary step in the commencement of an action.

The plaintiff's cause of action was barred on October 3, 1944, at the time he delivered the summons for service to the Marshal and an order is being entered today sustaining the motion to dismiss and dismissing the complaint. Exceptions of the plaintiff are saved.